OPINION OF THE COURT
Benjamin F. Nolan, J.
The main action herein was brought in tort against the Hallen Construction Corporation and Consolidated Edison Company of New York. A third-party (Dole) action in indemnity was thereafter brought by Consolidated Edison Company of New York against the City of New York. Now, on this motion, plaintiff seeks to amend the complaint to assert a new cause of action in tort against the City of New York which would also make the City of New York a codefendant in the main action. The relief sought on this motion has been recognized as good practice ever since the Court of Appeals in Klinger v Dudley (41 NY2d 362) alerted the legal community to the fact that unless the third-party defendant was also joined as a defendant in the main action, the plaintiff might find itself (as Klinger did) insulated from and unable to directly enforce any portion of the judgment against the third-party defendant. However, the issue here is not so much whether the relief sought on the motion is good practice but whether such relief can be provided under the circumstances prevailing at this stage of the lawsuit.
In opposing this motion, the City of New York asserts as a bar the time limitations and other procedural prerequisites of section 50 of the General Municipal Law, despite the fact that the said statute is nevertheless not a bar to the third-party action in indemnity because the right to be indemnified does not accrue until the moment that the third-party plaintiff pays more than its pro rata share of the judgment. (Matter of Valstrey Serv. Corp. v Board of Elections, Nassau County, 2 NY2d 413.) The opposition to the motion is, however, well founded, turning as it does upon the distinction between the nature of the main action which is tort, and the nature of the third-party action, which is indemnity. The occurrence underlying this lawsuit took place on or about September 9, 1976. Pursuant to section 50-e of the General Municipal Law, plaintiff was required to serve a notice of claim upon the City of *229 New York within 90 days after September 9, 1976, which was not done; and, pursuant to section 50-i of the same statute, plaintiff’s cause of action in tort against the City of New York would have had to be brought within one year and 90 days after September 9, 1976, which likewise was not done. It thus appears that sections 50-e and 50-i of the General Municipal Law are complete bars to any tort action brought this late against the City of New York.
Plaintiff contends that it has no way of knowing that the City of New York was a third-party defendant until on or about December 16, 1977, when it was then already too late to bring a direct tort action against the City of New York within the time limitations of section 50-i of the General Municipal Law. But, even assuming the truth of this contention, the court has no power to grant the relief, firstly, since the contention does not fit any of the grounds under section 50-e of the General Municipal Law or the recent amendments thereto for permitting the filing of a late notice of claim (a necessary prerequisite to any grant of the relief sought herein) and, secondly, because even if it did, that that statute denies any such relief if, as here, the time for commencement of an action against the City of New York, pursuant to section 50-i of the statute, has long since expired.
Nor, is it of any consequence, as plaintiff contends, that the third-party defendant City of New York has not as yet answered the third-party complaint.
Accordingly, plaintiff’s motion must be and it is in all respects denied.