OPINION OF THE COURT
Charles H. Cohen, J.
THE QUESTIONS
I. Does the “pothole law” of the City of New York apply to a claim asserted against the city in a third-party action?
II. Who has the burden of pleading that any written notice required by the “pothole law” was, or was not, given?
THE FACTS
On September 16, 1980, plaintiff Bettina Schwartz fell on a sidewalk outside certain premises owned by defendants located in the City of New York and suffered personal injuries.
THE PLEADINGS
Plaintiffs brought an action against defendants for damages based upon the personal injuries suffered by plaintiff *830 Bettina Schwartz. No action was brought by plaintiffs against the City of New York. On or about March 30,1981, defendants commenced a third-party action against the third-party defendant City of New York without the service of any prior notice of claim. The City of New York, in its answer, alleged as an affirmative defense that “Plaintiffs and third party plaintiffs failed to comply with the written actual notice provisions of section 394a-1.0 of the Administrative Code of the City of New York, as amended.”
THE MOTION
The City of New York has made the instant motion “for an order severing and dismissing the action as against the Third Party Defendant” without stating, in its notice of motion, the grounds for such motion (see CPLR 2214, subd [a]). In the moving affirmation submitted in support of its motion, it appears that the ground for this motion is section 394a-1.0 of the Administrative Code of the City of New York (known as the “pothole law” and which came into effect on June 4,1980). The City of New York contends that compliance with this section is a prerequisite to maintaining the third-party action.[1]
Although a copy of the third-party complaint was not submitted to the court, the parties have proceeded on the assumption that the third-party complaint does not plead compliance with the pothole law.
Plaintiffs have appeared in support of the motion and also state that plaintiffs are proceeding upon the theory that the sidewalk’s defect claimed to be the cause of the injury arose out of a negligent repair made by defendants.
Defendants, in opposition to the motion, point out that the City of New York has not submitted an affidavit made by a person with knowledge of the facts stating that “no written Notice had been received by the Commissioner of Transportation prior to this accident.” Defendants argue that the motion should be denied since “there is an out *831 standing question of fact as to whether the third-party defendant was provided with requisite notice.”
However, this is not a motion for summary judgment pursuant to CPLR 3212, and no party has sought to submit evidence that could properly be considered on a motion for summary judgment (CPLR 3211, subd [c]; Rovello v Orofino Realty Co., 40 NY2d 633) such as a categorical statement by one having knowledge of the facts that proper written notice was, or was not, actually given.
It seems to be a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) on the ground that the third-party complaint, which is a pleading (CPLR 3011), fails to state a cause of action by reason of the fact that it does not allege compliance with the pothole law.[2]
A question is presented, then, as to whether a party asserting a claim against the City of New York coming within the purview of the pothole law has the burden of alleging that proper notice was given. Before reaching that general question, however, it must first be determined whether the pothole law is applicable at all in this case where the injured party is not making a claim against the City of New York, but a claim against the City of New York is asserted in a third-party complaint.
QUESTION I — “POTHOLE LAW” APPLICABLE TO THIRD-PARTY
ACTIONS?
Section 394a-1.0 (subd d, par 2) of the Administrative Code of the City of New York states that “No civil action shall be maintained against the city for * * * injury to person * * * in consequence of any * * * sidewalk * * * being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice * * * was actually given.”
The court observes that a third-party action, authorized by CPLR 1007, does not necessarily have to be tried in the main action. Where appropriate, the court may direct that it be tried separately (CPLR 1010; McCabe v Queensboro *832 Farm Prods., 22 NY2d 204, 209; Cohen Agency v Perlman Agency, 69 AD2d 725, 731, 732, affd 51 NY2d 358). It may, therefore, have an independent existence as a “civil judicial proceeding” (CPLR 105, subd [d]). As such, it is a civil “action” (CPLR 103, subd [b]) within the meaning of section 394a-1.0 (subd d, par 2) of the Administrative Code.
Even if it were argued that the pothole law is limited to tort actions and the third-party action is one for apportionment, this would not change the result since even in such a case the liability of the City of New York would arise out of a violation of a duty it may have owed to plaintiffs.[3]
In Barry v Niagara Frontier Tr. System (35 NY2d 629), the Court of Appeals, in considering former section 341-a of the Village Law, a statute containing words identical to those found in the pothole law as far as defective sidewalks are concerned — “No civil action shall be maintained” — declared that the required written notice must be given in order to hold the village liable in a third-party action seeking apportionment. The court reasoned that the claim against the village was based upon a violation of duty owed to the injured person to repair or remove a sidewalk or street defect within a reasonable time after written notice of a dangerous condition was actually given to the village.
That conclusion is equally applicable to the City of New York under section 394a-1.0 of the Administrative Code.
QUESTION II — BURDEN OF PLEADING UPON WHOM?
Section 394a-1.0 (subd d, par 2) of the Administrative Code states that “No civil action shall be maintained” in situations encompassed by it unless certain written notice is given. While it does not specifically declare that compliance with that section is a condition precedent to the assertion of such a cause of action, the declaration that no civil action shall be “maintained” unless there is compliance with the written notice requirements, makes it clear that this is so.
*833 In Barry v Niagara Frontier Tr. System (supra), while the Court of Appeals did not specifically state that the burden is upon a plaintiff to plead and prove compliance with the similar statute involved in that case, it affirmed the dismissal of the third-party complaint on the ground that it failed to state a cause of action. Thus, where, as here, the third-party complaint does not allege compliance with the pothole law, it does not state a cause of action and must be dismissed.
That the City of New York pleaded the failure to comply as an affirmative defense in its answer to the third-party complaint, is immaterial. While the party asserting an affirmative defense generally bears the burden of proof on that issue (Manion v Pan Amer. World Airways, 55 NY2d 398, 405), in this case the pleading of the affirmative defense merely had the effect of gratuitously advising the parties of the apparent insufficiency of the third-party complaint and avoiding surprise (CPLR 3018, subd [b]). It did not constitute a waiver of the requirement that compliance with the pothole law must be pleaded in order to state a cause of action (cf. Salesian Soc. v Village of Ellenville, 41 NY2d 521, 524).
CONCLUSION
The motion of the City of New York to dismiss the third-party complaint is granted; and it is so ordered.

. While the City of New York points out that no notice of claim was filed, it does not base its motion on this ground which, in any event, would be insufficient (see Matter of Valstrey Serv. Corp. v Board of Elections, Nassau County, 2 NY2d 413; 2999 Realty Corp. v Hallen Constr. Corp., 95 Misc 2d 227; Haehl v Village of Port Chester, 463 F Supp 845).

. Since the parties seem to agree that there is no allegation in the pleadings alleging such compliance, the court will overlook the failure of the City of New York to submit a copy of the pleadings, including the third-party complaint which it is seeking to dismiss. The court also observes that had this been a motion for summary judgment, CPLR 3212 (subd [b]) specifically requires the submission of a copy of the pleadings.

. With respect to plaintiff Max Schwartz, it may be that he has a derivative cause of action, but since the parties have not submitted a copy of the complaint and have not set forth the nature of his cause of action or made any argument directed to it, the court will not consider it separately and will treat the claim of plaintiffs, as the parties have on this motion, as one for personal injuries.