OPINION OF THE COURT
William D. Friedmann, J.
Separate trials in these unrelated motor vehicle property damage proceedings, puts in focus the adequacy of proof of “construction” needed as an exception to the preclusionary prior written notice requirements of the “Pothole Law” (Administrative Code of City of New York, § 394a-1.0, subd d, par 2).
THE CONTENTIONS
Following plaintiff’s proof in each proceeding, the defendant moved for a trial order of dismissal (CPLR 4401), upon the failure to plead and prove compliance with section 394a-1.0 (subd d, par 2) of the Administrative Code. Plaintiffs contended that section 394a-1.0 (subd d, par 2) does not apply to construction situations where “overt actions of negligence or misfeasance on the part of the City’s servant(s), agent(s), or employee(s)” are the cause of injury or damage.
*839 THE CLAIMS
Both claims arose after the effective date of the prior written notice statute.[1]
In Action No. 1 plaintiff relies upon a “raised manhole” caused by road construction which construction depressed the area around the manhole cover.
In Action No. 2 plaintiff relies upon a “depression” in the roadbed caused by road construction.
In neither case did the plaintiff introduce any evidence of construction, such as construction permits, contracts, or other documentation, in support of the vague and general testimony concerning road construction activity which allegedly occurred at or near the accident site, at or about the time of injury or damage.
THE POTHOLE LAW
The Local Law in summary provides that the City of New York is not amenable to civil suits arising out of personal injury or property damage claims caused by defective street and sidewalk conditions, unless it had written notice of the defect and there was a failure to repair within 15 days.[2]
-CONCLUSIONS
A plaintiff, in seeking to recover in a civil suit, within the boundaries of the City of New York, for personal injury or property damage caused by defective street and sidewalk conditions must plead and prove compliance with the advance written notice provisions of section 394a-1.0 (subd d, par 2) of the Administrative Code of the City of New York. (Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362; Schwartz v Turken, 115 Misc 2d 829.)
However, any commonsense reading of section 394a-1.0 (subd d, par 2) seems to indicate that pleading and proving compliance with section 394a-1.0 (subd d, par 2) would not *840 be required upon the pleading and proof of relevant construction in the area of the incident. (Martin v City of Cohoes, 37 NY2d 162, 166; Blake v City of Albany, 63 AD2d 1075.)
Proof of construction could consist of photographic or other evidence, expert testimony, as well as by proof of a city-issued permit, contract or other documentation, which would be considered sufficient to have put the municipality on notice of the construction thereby giving rise to its duty of supervision and inspection.
Therefore, knowledge by advance written notice as required by section 394a-1.0 (subd d, par 2) is surplanted in this one limited area (construction) by knowledge, actual or constructive, of construction in the area of the incident.
Where such proof of relevant construction has been introduced by a plaintiff, the city would have the burden of showing the reapplicability or operability of section 394a-
1.0 (subd d, par 2) through demonstrating specifics about the construction or that the construction had been completed and that the site had been restored to its original condition or to a reasonably safe condition at or before the time of the incident in question.
Inasmuch as plaintiffs here merely testified that the areas where their motor vehicles sustained damage appeared to be under construction, which this court deems as constituting inadequate proof, this court must grant the defendant’s respective motions to dismiss. (Cina v City of New York, Civ Ct, Queens County, Index No. 19326/81, Oct. 6, 1982, LeVine, J.)
If the notice requirements incorporated in section 394a-1.0 (subd d, par 2) are to be avoided, there must be satisfactory proof offered that the City of New York knew or should have known about the construction relied upon.

. Local Law No. 82 of 1979 of the City of New York was approved by the Mayor of the City of New York on December 4, 1979. It became effective as of June 4, 1980.

. Justification for enactment was predicated in part upon a report of City Comptroller Harrison J. Goldin (May 5,1977) indicating that the City of New York annually paid out, on the average, $8.7 million for personal injury and property damage claims resulting from street and sidewalk defects.