■ SECURITIES SETTLEMENT CORPORATION et al., Respondents, v HARVEY JOHNPOLL et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Allen M. Myers, J.), entered April 4, 1985, which denied defendants' motion to dismiss the complaint as barred by either the Statute of Limitations or another action pending, denied their motion for summary judgment on their counterclaims for malicious prosecution, granted plaintiffs' cross motion for summary judgment against defendant Harvey Johnpoll on the first and second causes of action in the complaint in the sum of $6,984,699 and, on the fourth cause of action, imposed a constructive trust in plaintiffs' favor upon the proceeds of certain securities listed in exhibit 1 to the complaint, modified, on the law, to direct judgment in favor of plaintiffs and against defendant Harvey Johnpoll in the reduced sum of $5,624,403, with interest, and otherwise affirmed, for the reason stated by Special Term, without costs.

Order, Supreme Court, New York County (William P. McCooe, J.), entered January 28, 1986, which denied the motion of defendant Yvonne Johnpoll to quash a subpoena duces tecum served in connection with supplementary enforcement proceedings of the order and judgment entered against defendant Harvey Johnpoll, her husband, on April 4, 1985, affirmed without costs.

Between March and August of 1980, approximately $9.6 million worth of securities were stolen from the vaults of plaintiff Securities Settlement Corporation (SSC) in New York City. A substantial portion of these securities was transported and sold by defendant Harvey Johnpoll in Switzerland through agents who maintained accounts at plaintiff Merrill Lynch. Tried for this offense on a 12-count indictment in the United States District Court for the Southern District of New York, and following a jury verdict, defendant was convicted on September 20, 1983 on one count of conspiring to transport stolen securities and the proceeds from the sale thereof in foreign commerce in violation of 18 USC § 371 (count one); three counts of transporting stolen securities in foreign commerce in violation of 18 USC §§ 2 and 2314 (counts three

through five); and three counts of transporting the proceeds from the sale of those stolen securities in foreign commerce, also in violation of 18 USC §§ 2 and 2314 (counts 10 through 12). On appeal, defendant's conviction on the first conspiracy count and the first three counts of transporting such securities in foreign commerce was affirmed; defendant's conviction on the last three counts was vacated and dismissed as duplicative *(United States v Johnpoll,* 739 F2d 702, *cert denied* 469 US 1075, *reh denied* 469 US 1197). Thus, defendant stands convicted of transporting stolen securities in foreign commerce in the following amounts:

| | | |
|---|---|---:|
| Count III: | On or about July 31, 1980: | $1,446,397 |
| Count IV: | On or about August 14, 1980: | 1,813,759 |
| Count V: | On or about August 15, 1980: | 2,364,247 |
| | Total | $5,624,403 |

*(United States v Johnpoll,* 739 F2d, *supra,* at 706).

In this action to recover the proceeds of the stolen securities from defendants (Yvonne, defendant's wife, was an unindicted coconspirator in the Federal criminal action), Special Term was correct in granting plaintiffs' cross motion for summary judgment as to liability. Upon the principle of collateral estoppel, defendant Harvey Johnpoll's criminal conviction is conclusive proof of the underlying facts in this subsequent civil action against him *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300; *Alexander v City of Peekskill,* 80 AD2d 626). However, Special Term erred in granting judgment to plaintiffs in the sum of almost $7 million as demanded in the complaint, instead of limiting plaintiffs' recovery to what was established in the Federal criminal trial, and we therefore modify accordingly. The documentary proof, on which plaintiffs rely for recovery of the larger sum, is insufficient, in our view, to sustain the drastic remedy of summary judgment on this facet of the action.

Insofar as Special Term denied defendants' motion to dismiss the complaint on Statute of Limitations grounds or because another action pending in Switzerland; denied the motion by defendant Yvonne Johnpoll to dismiss the complaint as to her and severed the action against her; and, dismissed defendants' counterclaims for malicious prosecution, we affirm for the reasons stated by that court.

With respect to defendant Yvonne Johnpoll's appeal from Justice McCooe's order denying her motion to quash a subpoenas duces tecum served in aid of supplementary proceedings, we note that this subpoena, served on October 1, 1985, re-

quired her to appear for deposition on October 31, 1985. By order to show cause, dated October 28, 1985, Yvonne Johnpoll moved to quash on the return date of the subpoena. The court correctly held that the application was untimely, as well as bereft of any prior request to withdraw the process as required by CPLR 2304 *(see, Matter of Santangello v People,* 38 NY2d 536, 539). The application was also properly denied on the merits, inasmuch as no marital privilege would attach to the ordinary business records sought here and testimony as to "ordinary business matters" of a spouse *(People v Melski,* 10 NY2d 78, 80; *Johnson v Johnson,* 25 AD2d 672; *cf., Federated Dept. Stores v Esser,* 96 Misc 2d 567). Concur—Sandler, J. P., Carro, Kassal, Ellerin and Wallach, JJ.