■ WALLACE CHISM, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Bambrick, J.), dated February 26, 1987, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,500,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On June 29, 1979, the plaintiff and a companion were riding on the "A" subway line of the defendant New York City Transit Authority when they were admonished by the defendant Transit Police Officer John Lipinski for consuming alcoholic beverages on the train. After dumping the alcohol between subway cars, the plaintiff became disorderly and began to threaten Officer Lipinski, who radioed for assistance. At the Broad Channel Station Lipinski, along with the plaintiff and his companion, exited the train and upon meeting another officer proceeded to an office in the station to verify the identities of the two subjects and to issue summonses to them. As the other officer was opening the door to the office, the plaintiff turned, struck Officer Lipinski in the chest and fled. After a chase, the plaintiff was apprehended, placed under arrest and transported to a local hospital for treatment of injuries sustained in his attempt to flee from the police. During the course of the incident, the plaintiff suffered severe

injuries to his left eye which resulted in that eye becoming blind. There is no dispute that these injuries were the consequence of having been struck with Officer Lipinski's nightstick. In a criminal proceeding the plaintiff was convicted of assault in the second degree for an assault upon Officer Lipinski, and resisting arrest.

Thereafter, the plaintiff commenced the instant action setting forth causes of action in intentional tort and negligence. At trial, the plaintiff admitted that he had been convicted of assault in the second degree for assaulting Officer Lipinski, and for resisting arrest. He also recalled that Officer Lipinski had testified against him at the criminal trial.

Nevertheless, the trial court refused to give collateral estoppel effect to the plaintiff's conviction, reasoning that in the absence of a transcript the underlying facts established at the criminal trial could not be established. The jury was later instructed that it was not obligated to believe that the plaintiff struck Officer Lipinski or resisted arrest. We disagree and conclude that the court's failure to give collateral estoppel effect to the plaintiff's conviction constitutes reversible error. The doctrine of collateral estoppel is essentially a rule of justice and fairness, the essence of which is that a question once tried should not be relitigated between the same parties or their privies, whether or not the tribunals are the same (see, Ryan v New York Tel. Co., 62 NY2d 494; Gilberg v Barbieri, 53 NY2d 285, 291). Issues of law and questions of fact decided by one tribunal remain binding upon the parties in all subsequent litigation in which the same issues are material (see, Matter of Halyalkar v Board of Regents, 72 NY2d 261; Kaufman v Lilly & Co., 65 NY2d 449, 456; O'Connor v G & R Packing Co., 53 NY2d 278, affg 74 AD2d 37).

In Schwartz v Public Adm'r of County of Bronx (24 NY2d 65, 71) the Court of Appeals set forth the two prerequisites necessary for asserting collateral estoppel: (1) there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action; and (2) there must have been a full and fair opportunity to contest the determination which is said to be controlling. "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Lilly & Co., supra, at 456; see also, Ryan v New York Tel. Co., supra, at 501).

It is also well settled that upon the principle of collateral estoppel, a criminal conviction can be conclusive proof of the underlying facts in a subsequent civil action *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300; *Bergen v Shapiro,* 129 AD2d 669; *Securities Settlement Corp. v Johnpoll,* 128 AD2d 429).

Penal Law § 205.30 states in relevant part: "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person."

Penal Law § 120.05 states:

"A person is guilty of assault * * * when:

"3. With intent to prevent a peace officer, police officer, a fireman including a fireman acting as a paramedic or emergency medical technician administering first aid in the course of performance of duty as such fireman, or an emergency medical service paramedic or emergency medical service technician, from performing a lawful duty, he causes physical injury to such peace officer, police officer, fireman, paramedic or technician".

We hold that in light of the plaintiff's undisputed conviction in the criminal proceeding, his assault of Officer Lipinski and the intent to prevent his own arrest were conclusively established. Upon our view of the trial record, the failure of the court to instruct the jury as such cannot be harmless and therefore a new trial is required.

We further conclude that the conduct of the plaintiff's counsel during trial was so egregious and prejudicial as to require reversal and a new trial. Although many objections to counsel's conduct were sustained and curative instructions were rendered by the trial court to obviate numerous improper comments made by counsel during his examination of witnesses and summation, the record quite palpably reveals that such behavior created an atmosphere which deprived the defendants of a fair trial *(see, Vassura v Taylor,* 117 AD2d 798, *appeal dismissed* 68 NY2d 643; *Weinberger v City of New York,* 97 AD2d 819; *Caraballo v City of New York,* 86 AD2d 580).

We have reviewed the defendants' remaining contentions and find them to be without merit. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.