■ GARY KRAMER, Respondent, v WILLIAM GRIFFIN, Appellant.—Order unanimously affirmed without costs. Memorandum: Supreme Court did not err in granting plaintiff's motion for summary judgment on the issue of liability. The court properly invoked the doctrine of collateral estoppel to preclude defendant from relitigating the issue of his own liability based upon his prior criminal conviction. A criminal conviction may be conclusive proof of the underlying facts in the civil action *(see, S. T. Grand, Inc. v City of New York,* 32 NY2d 300, *rearg denied* 33 NY2d 658; *Chism v New York City Tr. Auth.,* 145 AD2d 400, 402; *Bergen v Shapiro,* 129 AD2d 669; *Securities Settlement Corp. v Johnpoll,* 128 AD2d 429, *lv dismissed* 70 NY2d 693). Here plaintiff demonstrated the "identity of issue", one of the prerequisites for the invocation of the doctrine of collateral estoppel *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71; *see also, Kaufman v Lilly & Co.,* 65 NY2d 449, 456). Defendant acknowledged that he had a full and fair opportunity to litigate the issue of his own liability in his criminal trial.

The inquiry, however, does not end here. We further conclude that, on this record, plaintiff established his lack of culpability as a matter of law. In support of his summary

judgment motion, plaintiff submitted evidentiary proof in admissible form that he was the innocent victim of defendant's unprovoked and unwarned assault. In opposition to plaintiff's motion, defendant tendered excerpts of testimony at the criminal trial and his attorney's affidavit. The attorney's affidavit contained assertions not based on his personal knowledge. Such affidavit cannot " 'supply the evidentiary showing necessary to successfully resist the motion' " (*GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 968, quoting *Roche v Hearst Corp.*, 53 NY2d 767, 769). Moreover, the criminal trial testimony proffered by defendant clearly established that plaintiff was free from comparative fault. Defendant, therefore, failed to tender evidentiary proof in admissible form to show the existence of a triable issue of fact regarding plaintiff's culpable conduct (*see, Zuckerman v City of New York*, 49 NY2d 557). (Appeal from order of Supreme Court, Monroe County, Doyle, J.—summary judgment.) · Present—Dillon, P. J., Callahan, Denman, Lawton and Davis, JJ.