■ SAN MARCO CONSTRUCTION CORP., Respondent, v AETNA CASUALTY AND SURETY COMPANY et al., Respondents, and BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF MOUNT VERNON, Defendant and Third-Party Plaintiff-Respondent.

CITY OF MOUNT VERNON, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 1.) WESTCHESTER AIR CONDITIONING CORP., Respondent, v CITY SCHOOL DISTRICT OF THE CITY OF MOUNT VERNON, Defendant and Third-Party Plaintiff-Respondent. PRIMIANO CONSTRUCTION CO., INC., et al., Third-Party Defendants-Respondents, and CITY OF MOUNT VERNON, Third-Party Defendant-Appellant. (Action No. 2.)—In consolidated actions, *inter alia,* to recover damages for breach of contract arising from construction delays, the City of Mount Vernon appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Delaney, J.), dated May 2, 1988, which (1) denied its motion for summary judgment dismissing the third-party complaints against it, and (2) granted the cross motion of Primiano Construction Co., Inc., and Aetna Casualty and Surety Company for summary judgment to the extent of declaring that (a) its enforcement of its Fire Prevention Code so as to prohibit blasting in this case was ministerial rather than discretionary in nature, (b) the assertion of claims by Primiano Construction Co., Inc., Aetna Casualty and Surety Company, and Westchester Air Conditioning Corp. against the defendant third-party plaintiff Board of Education of the City School District of Mount Vernon was timely pursuant to Education Law § 3813, (c) the assertion of claims by the Board of Education of the City School District of Mount Vernon against it was timely pursuant to General Municipal Law § 50-e, and (d) the assignment of claims by the Board of Education of the City School District of Mount Vernon to Primiano Construction Co., Inc., Aetna Casualty and Surety Company and Westchester Air Conditioning Corp. was valid and enforceable.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents Aetna Casualty and Surety Company, Primiano Construction Co., Inc., and Westchester Air Conditioning Corp. appearing separately and filing separate briefs.

The record reveals that on October 25, 1976, the Board of Education of the City School District of Mount Vernon (hereinafter the Board) and Primiano Construction Co., Inc. (hereinafter Primiano) entered into an agreement for the construction of the Lincoln Elementary School in the City of Mount Vernon. Westchester Air Conditioning Corp. (hereinafter WAC) was hired to perform all heating, ventilation and air conditioning work in connection with the construction of the school. The contract called for some blasting to be performed to excavate the site, to be done during "normal working hours

on normal working days". The scheduled completion date for the project was June 30, 1978, time being of the essence. It is undisputed that the plans and specifications for the project, which contemplated that blasting would take place on weekdays within 200 feet of an existing school, were submitted to and approved by the Commissioner of the New York State Department of Education prior to the execution of the contract. However, Fire Prevention Code § 83-33 of the City of Mount Vernon (hereinafter the city) prohibits blasting activity within 200 feet of any schoolhouse between the hours of 8:30 A.M. and 3:30 P.M. on any day when school is in session.

Pursuant to the contract, the excavation subcontractor for the project commenced blasting activity during school hours, and the city promptly halted the work as a violation of its Fire Prevention Code. It is alleged that the project was brought to a virtual standstill from December 24, 1976 to May 11, 1977, due to the city's enforcement of the Fire Prevention Code provision. After extended and fruitless negotiations with the city, the Board and Primiano commenced an action to enjoin further enforcement, contending that completion of the project would be delayed indefinitely by the ban on blasting activity. On May 11, 1977, the Supreme Court, Westchester County (Marbach, J.), prohibited the city from further enforcing the Fire Prevention Code provision, finding that the State had preemptive control over the construction of schools, and that its less restrictive blasting regulations were applicable. The city took no appeal from the ensuing judgment, and construction resumed until the ultimate completion of the project on or about July 16, 1979. Numerous lawsuits to recover damages for delays and breach of contract among the various contractors followed. Insofar as relevant to this appeal, Primiano and WAC filed notices of claim against the Board on or about May 2, 1980, and August 13, 1980, respectively. The Board in turn filed notices of claim for indemnification against the city on or about May 12, 1980, and September 10, 1980, respectively. The Board subsequently brought third-party actions for indemnification from the city. In October 1986, the Board entered into separate "Liquidating Agreement[s]" with Primiano and WAC whereby it assigned its rights to pursue its claims against the city to the two contractors.

The city subsequently moved for summary judgment, contending that it is immune from liability because the enforcement of its Fire Prevention Code was an exercise of governmental discretion, that the claims filed against the Board and

against the city were untimely, and that the Board's assignment of claims pursuant to the "Liquidating Agreement[s]" was invalid. Primiano, its insurer, Aetna Casualty and Surety Company (hereinafter Aetna), and WAC opposed the motion, and cross-moved for summary judgment. The Supreme Court, Westchester County (Delaney, J.), denied the city's motion and granted the cross motion of Primiano and Aetna to the extent previously indicated, and the city now appeals.

We note that the doctrine of collateral estoppel precludes the city from claiming on this appeal that it was legally entitled to enforce its Fire Prevention Code provision so as to ban blasting activity in this case. The city received a full and fair opportunity to litigate this precise issue in the prior action before Justice Marbach (see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65; Murphy v Sachem Cent. School Dist., 147 AD2d 623). Moreover, the issue was resolved against the city upon a finding that its Fire Prevention Code provision was preempted by State law regarding school construction. Inasmuch as the city took no appeal from the judgment made in that action, it may not now seek to collaterally attack it in the instant action (see generally, Langdon v WEN Mgt. Co., 147 AD2d 450; Chism v New York City Tr. Auth., 145 AD2d 400).

Furthermore, we agree with the Supreme Court's determination that the city's act of prohibiting blasting pursuant to its Fire Prevention Code provision was ministerial rather than discretionary in nature. As explained by the Court of Appeals in Tango v Tulevech (61 NY2d 34, 41): "discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result". As the Supreme Court accurately observed, the language of the city's Fire Prevention Code § 83-33 constitutes an absolute prohibition against blasting within 200 feet of any school house during school hours, although the provision does allow blasting in other areas of the city upon the issuance of a permit in the Fire Commissioner's discretion. Accordingly, the imposition of the ban on blasting activity in this case resulted from the rigid and mechanical application of the code provision without any exercise of judgment or discretion and without regard to the preemptive effect of State regulation.

Similarly unavailing is the city's contention that the notice of claim filed by Primiano against the Board was untimely under Education Law § 3813. Indeed, the city has no standing

to assert a claim of untimeliness pursuant to the Education Law, as the statute was enacted to protect *school districts* and *boards of education* from the assertion of stale claims by requiring that they receive prompt notice of any claim so that a timely investigation thereof may be conducted *(see generally, Morley v Arricale,* 104 AD2d 207, *affd* 66 NY2d 665; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). In any event, the "Liquidating Agreement[s]" executed by the Board, in which it confessed liability to Primiano and WAC, operated as contractual waivers of any possible defense based on Education Law § 3813 *(see, e.g., Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85).

Moreover, we find unpersuasive the city's contention that the Board failed to timely file a notice of claim for indemnification against it pursuant to General Municipal Law § 50-e, thereby barring the claims assigned by the Board to Primiano and WAC. A cause of action for common-law indemnification does not accrue until the time when the third-party plaintiff makes actual payment of an amount which exceeds its pro rata share of the judgment *(see, Bay Ridge Air Rights v State of New York,* 44 NY2d 49; *Matter of Valstrey Serv. Corp. v Board of Elections,* 2 NY2d 413; *Zillman v Meadowbrook Hosp.,* 45 AD2d 267; *2999 Realty Corp. v Hallen Constr. Corp.,* 95 Misc 2d 227). Additionally, we note that the city's contention regarding General Municipal Law § 50-i is improperly raised for the first time on this appeal *(see, Orellano v Samples Tire & Equip. Supply Corp.,* 110 AD2d 757). In any event, the contention is without merit *(see, Dutton v Mitek Realty Corp.,* 95 AD2d 769).

Inasmuch as the city concedes in its appellate brief that "the Board was free to assign any causes of action it might have had to Primiano or to anyone else", we find that the Supreme Court acted properly in denying the city's motion for summary judgment and awarding partial summary judgment in favor of Primiano and Aetna. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.