█ In the Matter of the Claim of GEORGE INGHAM, Respondent, v OSWEGO COUNTY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Crew III, J. Appeal from a decision of

the Workers' Compensation Board, filed January 9, 1991, which ruled that claimant sustained a causally related disability.

This is an appeal by the self-insured employer from a decision of the Workers' Compensation Board finding that claimant was permanently totally disabled as the result of an accident on August 24, 1979. Claimant was employed by Oswego County as a nursing assistant in the County's Community Mental Health Center. On August 24, 1979 claimant was attempting to assist a woman from a car driven by her husband. The husband drove off while claimant was partially in the vehicle, resulting in claimant being flung from the car and injuring his knee, back, wrist and head. On April 19, 1982, a hearing was held at which claimant, his attorney and the attorney for the County were present. At that time the Workers' Compensation Law Judge (hereinafter WCLJ) found accident, notice and causal relation for the knee and wrist injuries, and continued the case for two months on the issue of back and head injuries. Claimant's condition deteriorated continually over the ensuing years to the point where he was ultimately confined to a wheel chair. By decision dated May 5, 1990, the WCLJ found that claimant injured his back by reason of the 1979 accident and amended the accident, notice and causal relation to read, "right knee, low back and consequential obesity". The WCLJ classified claimant as permanently totally disabled without apportionment and the Board affirmed that decision.

Initially, we reject the County's assertion that claimant's claim for injury to his low back was not timely filed and is barred pursuant to Workers' Compensation Law § 28. The County's attorney made no such assertion at the first hearing held in this case and the failure to object for want of a timely filing at the first hearing constitutes a waiver to the bar of section 28 as a matter of law (see, Matter of Harley v Walsh Constr. Co., 14 AD2d 614).

Equally unpersuasive is the County's argument that claimant's back injury should be apportioned between his work-related accident, his prior back history and his obesity. The record reflects that claimant injured his back while in the Navy in 1953. Thereafter in 1955 he sustained a work-related back injury as the result of which he had a discectomy and fusion. He continued to experience back and right leg pain until about 1960. Since that time he saw no doctor for his back condition and has worked continually through 1979. Several of claimant's treating physicians filed reports in which

they stated that claimant was permanently and totally disabled by reason of the 1979 accident. They were also of the opinion that claimant's 1979 accident aggravated his preexisting condition. Given those circumstances, there is substantial evidence to support a finding that claimant's present disability was the result of the aggravation of preexisting conditions and that the aggravation was directly related to claimant's employment. Accordingly, there is a rational basis for the Board's finding that claimant's disability is causally related to the 1979 accident (see, Matter of Kuczkowski v Bethlehem Steel Corp., 90 AD2d 612, affd 58 NY2d 946). While the County's physician found claimant's back condition to be causally related to the accident, he attributed one third of his disability to the accident and two thirds of the disability to aggravation of the preexisting condition and his obesity. Two of claimant's physicians, however, filed reports indicating that his inability to ambulate and exercise has caused him to grow progressively obese. This conflict of medical opinion merely presented a question of fact for the Board to resolve and where, as here, there was substantial evidence to support the decision of the Board made after a choice of that conflicting evidence, its decision must be sustained (see, Matter of Stiso v Hallen Constr. Co., 135 AD2d 974). For all the foregoing reasons, the Board's decision must be affirmed.

Casey, J. P., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.