■ JOEL CAPTAIN, Respondent, v SEAN M. HAMILTON, Appellant.—Order and judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff sustained personal injuries when defendant struck him in the eye. Thereafter, plaintiff commenced this action seeking damages. Supreme Court erred in granting plaintiff's motion for summary judgment dismissing defendant's first affirmative defense to the extent that it asserted that plaintiff engaged in culpable conduct. Defendant's conviction of assault in the third degree based upon reckless conduct (Penal Law § 120.00 [2]) did not determine the issue of plaintiff's culpable conduct and, therefore, the doctrine of collateral estoppel may not be invoked to preclude defendant from litigating that issue (see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 71; see also, Kaufman v Lilly & Co., 65 NY2d 449, 455; Augustine v Village of Interlaken, 68 AD2d 705, 709, lv dismissed 48 NY2d 608). Our inquiry, however, does not end here. We also conclude that, although plaintiff met his initial burden to establish his lack of culpability as a matter of law, defendant proffered evidentiary proof in admissible form that demonstrated the existence of a material issue of fact regarding plaintiff's culpable conduct, sufficient to defeat plaintiff's entitlement to summary judgment on that issue (cf., Kramer v Griffin, 156 AD2d 973, 974).

We conclude, however, that Supreme Court properly granted summary judgment to plaintiff dismissing defendant's second affirmative defense of justification. The doctrine of collateral estoppel was properly invoked "to preclude defendant from relitigating the issue of his own liability based upon his prior criminal conviction" *(Kramer v Griffin, supra,* at 973; *see also, S. T. Grand, Inc. v City of New York,* 32 NY2d 300, *rearg denied* 33 NY2d 658; *Chism v New York City Tr. Auth.,* 145 AD2d 400, 402; *Bergen v Shapiro,* 129 AD2d 669). Here, plaintiff demonstrated the "identity of issue" *(Schwartz v Public Adm'r of County of Bronx, supra,* at 71) and defendant acknowledged that he had a full and fair opportunity to litigate the issue of his own liability and conduct in his criminal trial *(see, Kramer v Griffin, supra).* (Appeal from Order and Judgment of Supreme Court, Monroe County, Boehm, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.