■ In the Matter of the Claim of ALFRED SWEENEY, Appellant, v NEW YORK STATE STATEN ISLAND DEVELOPMENTAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 179] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed December 6, 1991, which closed claimant's case due to lack of medical evidence.

Claimant was injured in connection with his employment on March 24, 1982. By decision of a Workers' Compensation Law Judge (hereinafter WCLJ) filed September 23, 1982, accident, notice and causal relationship were established for the neck, back and left shoulder, and an award was made for the period March 25, 1982 to April 30, 1982 at the rate of $173.29 per week. At a September 26, 1984 hearing, scheduled to resolve a dispute in medical evidence as to causally related disability subsequent to April 30, 1982, claimant entered into a counseled stipulation of settlement which provided that the case be closed with an award from April 30, 1982 to July 5, 1984 at the rate of $90 per week. Upon receipt of the award, claimant filed an application for review, seeking additional compensation. The case was reopened and restored to the trial calendar by order of the Workers' Compensation Board filed February

26, 1985 on the questions of further disability, loss of earnings, and the necessity for further treatment and physical therapy. Following a hearing, the case was again closed by a WCLJ decision filed July 29, 1987 finding no further causally related disability subsequent to July 5, 1984. The Board rescinded the WCLJ decision and again restored the case to the trial calendar by decision filed April 25, 1988, to permit claimant to be examined by a Board Medical Examiner on the issue of further causally related disability subsequent to July 5, 1984. By decision filed April 19, 1991, a WCLJ closed the case on prior findings and awards because of the lack of medical evidence and claimant's failure to submit to a physical examination by the Board Medical Examiner and to produce receipted bills. Upon appeal, the Board affirmed the WCLJ decision and closed the case. Claimant now appeals to this Court.

We affirm. There is abundant evidence in the record to support the Board's determination (see, Matter of Gates v McBride Transp., 60 NY2d 670, 671). The factual finding that claimant did not have a causally related disability subsequent to July 5, 1984 is supported by the medical reports or hearing testimony of a number of physicians, including George Nimberg, Jay Rosenblum and Ramon Valderrama. The contrary evidence presented by claimant's physician merely created a factual issue for the Board's determination (see, Matter of Ingham v Oswego County, 178 AD2d 796, 798). Further, the report of the Board Medical Examiner, corroborated by claimant's own testimony, supports the finding that claimant refused to disrobe for an examination.

The remaining contentions raised in claimant's *pro se* briefs are either lacking in merit or completely irrelevant to the issues properly before us.

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.