■ In the Matter of the Claim of FRANCES AUGUST, Respondent, v CHROMALLOY R & T et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [659 NYS2d 538] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 16, 1995, which, inter alia, ruled that claimant sustained a causally related disability attributable to a May 1988 accident.

In 1976 claimant, while employed as an attendant at a State facility for the developmentally disabled, was assaulted during her employment and sustained a back injury that required surgery. Following a brief period of recuperation, claimant obtained employment with a bank and, later, with Chromalloy R & T (hereinafter the employer). In December 1982, claimant's 1976 injury was classified by the Workers' Compensation Board as a permanent partial disability, and the case was closed on a nonscheduled lump-sum adjustment.

In May 1988, claimant suffered a back sprain while lifting boxes during the course of her employment with the employer. Claimant thereafter worked sporadically but, as of June 1991, was completely unable to work. Following her application for

workers' compensation benefits, a Workers' Compensation Law Judge awarded claimant compensation and apportioned 50% of the award to the 1976 injury and 50% of the award to the 1988 injury. Upon administrative review, the Board concluded that claimant's present disability was causally related to the May 1988 accident and rescinded the findings of apportionment. This appeal by the employer and the insurer ensued.

The employer and the insurer contend, *inter alia*, that the Board's determination is not supported by substantial evidence. We cannot agree. The record discloses that claimant was asymptomatic and actively and continuously employed for approximately 11 years following her 1976 accident. The record further reveals that claimant's position as a shipping and receiving clerk with the employer required her to lift boxes weighing 50 pounds or more for 8 to 10 hours per day, a task that she apparently accomplished without incident until May 1988. Joseph Polifrone, the physician who treated claimant for both her 1976 and 1988 injuries, rejected any connection between claimant's 1976 back injury and her 1988 disability, and the fact that the remaining examining physicians reached contrary conclusions merely presented a conflict in the medical testimony for the Board to resolve (*see, Matter of Ingham v Oswego County*, 178 AD2d 796, 798). Inasmuch as apportionment of a workers' compensation award presents a factual issue for the Board to determine (*see, Matter of Henderson v Capitol Davis Joint Venture*, 98 AD2d 894), and as the record provides substantial evidence to support the Board's decision, we accordingly affirm.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.