■ In the Matter of the Claim of THOMAS J. WEINHART, Appellant, v MOTORS HOLDING, Doing Business as VALLEY CADILLAC CORPORATION, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [664 NYS2d 889] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed

December 12, 1994, which, *inter alia*, ruled that claimant sustained a permanent partial disability and awarded him workers' compensation benefits.

On May 5, 1986 claimant, an automobile service advisor, twisted his left ankle while exiting his car at the automobile dealership where he worked. Claimant thereafter filed a claim for workers' compensation benefits and, following various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that accident, notice and causal relationship had been established and awarded benefits. Claimant subsequently developed problems with his lower back, which apparently were related to his ankle injury, and, as a result, his workers' compensation case was reopened and additional hearings were conducted. Ultimately, a WCLJ ruled that claimant suffered a permanent partial disability and had an earning capacity equivalent to 66²/3% of his former wages. The Workers' Compensation Board affirmed this portion of the decision and this appeal by claimant ensued.

In view of the conflicting medical evidence contained in the record, we reject claimant's assertion that the Board erred in failing to find that he suffered a total industrial disability (*see generally*, *Matter of August v Chromalloy R & T*, 240 AD2d 966, 967, *lv dismissed* 90 NY2d 1007 [conflict in medical testimony merely presented issue for the Board's resolution]). Equally unpersuasive is claimant's contention that the record does not support the Board's finding that he has an earning capacity equivalent to 66²/3% of his former wages. Workers' Compensation Law § 15 (3) (w) provides, with respect to disabilities such as the one at issue here, that "compensation shall be [66²/3%] of the difference between [the claimant's] average weekly wages and [the claimant's] wage-earning capacity thereafter in the same employment or otherwise". To that end, Workers' Compensation Law § 15 (5-a) provides that: "The wage earning capacity of an injured employee in cases of partial disability shall be determined by his [or her] actual earnings, provided, however, that if he [or she] has no such actual earnings the board may in the interest of justice fix such wage earning capacity as shall be reasonable, but not in excess of [75%] of his [or her] former full time actual earnings, having due regard to the nature of [the] injury and [the] physical impairment."

Here, claimant's average weekly wage had been established at $409.83, or approximately $21,300 per year. Based upon our review of the record as a whole, particularly the medical testimony with respect to the nature and degree of claimant's

disability and the testimony offered as to the vocational opportunities and corresponding salaries available to claimant, we cannot say that the Board's findings as to claimant's wage earning capacity is not supported by substantial evidence. Accordingly, the Board's decision is affirmed.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.