■ INGER BOYAJIAN, Respondent, v STATE OF NEW YORK, Appellant. [740 NYS2d 433] —In a claim to recover damages for the taking of property without just compensation, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Nadel, J.), dated February 20, 2001, as granted the claimant's cross motion for leave to file a late claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

This appeal arises from the appropriation by the defendant State of New York of a portion of real property located on Route 25A in Shoreham, Suffolk County. In December 1995, prior to the actual taking of the property, the former owners of the property (hereinafter the former owners) executed an "Agreement for Advance Payment" (hereinafter the Advance Agreement) which set the initial amount of compensation for the appropriation at $23,500. The Advance Agreement specifically afforded the claimant the right to commence a timely action for just compensation pursuant to the Court of Claims Act. On October 9, 1996, the State vested title to the appropriated portion by filing a copy of its taking map with the Suffolk County Clerk. The former owners were notified of the appropriation solely by certified mail on October 15, 1996. The Advance Agreement was then fully executed by the Commissioner of the Department of Transportation, and approved by the State Comptroller on October 21, 1996. Payment pursuant to the Advance Agreement was made on March 14, 1997.

In December 1999 the former owners, inter alia, assigned to the claimant herein their interest to any compensation for the appropriation and any claim, award, or judgment on account of such appropriation. The claimant filed the present claim for just compensation on April 6, 2000. The State moved to dismiss

the claim based upon the expiration of the three-year limitation period (*see* Court of Claims Act § 10 [1]). Alternatively, the State asserted that pursuant to Eminent Domain Procedure Law § 503 (A), the Advance Agreement ripened into a full settlement of the claim upon the expiration of the three-year limitation period. The claimant cross-moved for leave to file a late claim, contending that the statute never began to run because the notice of acquisition was not personally served. The Court of Claims granted the State's motion to dismiss the claim based upon the expiration of the three-year limitation period, but also granted the claimant's cross motion pursuant to Court of Claims Act § 10 (6) for leave to file a late claim. This would give the claimant the benefit of a six-year period of limitations applicable to implied contractual obligations (*see* Court of Claims Act § 10 [6]). The Court of Claims found that the Advance Agreement required personal service of the notice of acquisition pursuant to Court of Claims Act § 10 (1), and, therefore, the full settlement provision of EDPL 503 (A) was inapplicable. We reverse.

EDPL 503 (A) provides that where an advance payment of just compensation has been made, the failure to file a claim within three years of the service of the notice of acquisition will result in the matter being deemed fully settled. Pursuant to EDPL 502 (A), service of the notice of acquisition is authorized by personal service or certified mail. EDPL 705 provides that "[n]otwithstanding any inconsistent provisions of law, general or special, the provisions of [the EDPL] shall be controlling and * * * any interest in real property subject to acquisition shall be acquired pursuant to the provisions of [the EDPL]."

The claimant asserts that the provisions of the EDPL are inapplicable because the Advance Agreement refers to Court of Claims Act § 10 (1). This section provides for a three-year limitation period but requires personal service of the notice of acquisition and contains no "full settlement" provision as found in EDPL 503 (A). The cross reference to Court of Claims Act § 10 (1) should be interpreted as merely incorporating this three-year period of limitation and not the requirement for personal service which would conflict with EDPL 502 (A). To the extent that there is a conflict between the two statutes, the EDPL provisions control (*see* EDPL 705).

Accordingly, the matter was deemed fully settled upon the expiration of the three-year statute of limitations on October 15, 1999. In light of this determination, we need not address the constitutional issue which the State raises pursuant to NY

Constitution, article III, § 19 ("No claim against the state shall be audited, allowed or paid which, as between citizens of the state, would be barred by lapse of time") (*see Homer Eng'g Co. v State of New York,* 12 NY2d 508). Santucci, J.P., Altman, Townes and Crane, JJ., concur.