■ BIZ-BIZ CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. [815 NYS2d 252]—

In a claim to recover damages for the taking of real property without just compensation, the claimant appeals from an order of the Court of Claims (Lack, J.), dated December 3, 2004, which granted the defendant's motion to dismiss its claim as untimely.

Ordered that the order is affirmed, with costs.

The Court of Claims correctly dismissed the claim for damages, arising from the appropriation by the defendant State of New York of a parcel of real property owned by the claimant, on the ground that it was untimely (*see* EDPL 503 [A]; *cf.* Court of Claims Act § 10 [1]). Where, as here, a landowner executes an agreement for advance payment, and an advance payment of just compensation has been made, the failure to file a claim

within three years of service of the notice of acquisition will result in the matter being deemed fully settled (*see Boyajian v State of New York,* 293 AD2d 560, 561 [2002]; *Ebbets v State of New York,* 64 AD2d 794 [1978], *affd* 47 NY2d 973 [1979]), notwithstanding that the service of the notice of acquisition was effected more than 90 days after the filing of the acquisition maps (*see* EDPL 502 [A]; *cf. Matter of Ingham v Oswego County,* 178 AD2d 796, 797 [1991]; *San Marco Constr. Corp. v Aetna Cas. & Sur. Co.,* 162 AD2d 514, 518 [1990]). Moreover, and contrary to the claimant's contention, Eminent Domain Procedure Law § 502 (A), which authorizes service of the notice of acquisition by certified mail, supersedes the more restrictive service provisions of the Court of Claims Act (*see* EDPL 705; *Boyajian v State of New York, supra* at 561). Because the owner of the real property that is the subject of the instant dispute was served with the notice of acquisition by certified mail on December 16, 1996 the matter was deemed fully settled upon the expiration of the three-year statute of limitations on December 16, 1999. Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.