■ MARIA SPREMO, Respondent, v. ALFRED SPREMO, JR., Appellant.— Judgment of the Supreme Court, Queens County, entered February 20, 1974, affirmed insofar as appealed from. No opinion. Appeal from order of the same court, " dictated on the record on March 5, 1974 " dismissed. No appeal lies therefrom. One bill of costs to cover both appeals is awarded to respondent. Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.

■ MORTGAGE CORPORATION OF AMERICA, Appellant, v. STAGG HOLDING CORPORATION et al., Respondents.— In an action upon two promissory notes, commenced by service of a summons and a notice of motion for summary judgment, with supporting papers (CPLR 3213), plaintiff appeals from an order of the Supreme Court, Westchester County, entered December 14, 1973, which denied the motion. Order reversed, on the law, with $20 costs and disbursements, and motion granted. Defendants' failure to submit evidentiary facts in support of their claimed defenses compels the granting of plaintiff's motion for summary judgment (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 63). Gulotta, P. J., Latham, Cohalan, Benjamin and Munder, JJ., concur.

■ ANNA M. TROJCAK, as Administratrix of the Estate of GEORGE TROJCAK, Deceased, Appellant, et al., Plaintiff, v. JAMES WRYNN, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff, as administratrix of the estate of her deceased husband, appeals from a judgment of the Supreme Court, Queens County, entered June 26, 1973, in favor of defendant against plaintiff as such administratrix, on defendant's counterclaim, upon a jury verdict on the issue of liability and the trial court's direction of a verdict of $5,000 on the issue of damages. Judgment reversed, on the law, with costs, and counterclaim dismissed. Plaintiff was a passenger in an automobile owned and operated by her husband, which collided with a car owned and operated by defendant. Plaintiff was injured and she and her husband sued defendant in negligence for damages for her injuries and for the husband's loss of her services, respectively. Defendant counterclaimed against the husband for apportionment of any damages which might be recovered against him, under Dole v. Dow Chem. Co. (30 N Y 2d 143). When the case was reached for trial, defendant settled the plaintiff wife's action against him for $5,000 and the plaintiff husband's action against him was withdrawn. Defendant, however, reserved his rights against the husband under his counterclaim. Thereafter, the counterclaim was tried before a jury, which found that defendant was "not guilty of negligence ". The parties stipulated that $5,000 represented the fair and reasonable compensation for the plaintiff wife's injuries. The Trial Justice thereupon directed a verdict in defendant's favor in the sum of $5,000 (the amount of the voluntary settlement) against the plaintiff's husband's estate, the husband having died before the trial. In our opinion, the Trial Justice erred in directing a verdict of $5,000 in favor of defendant against plaintiff's husband's estate. The rule is well settled in this State that a party who voluntarily settles a lawsuit, i.e., to pay an agreed amount of money, without waiting for judgment, assumes the risk of being able to prove that he was legally obligated to make such payment, when he either seeks indemnity from the party ultimately determined to be liable, or apportionment of damages under the holding of Dole (supra) (Codling v. Paglia, 38 A D 2d 154, 161–162, affd. 32 N Y 2d 330; Rome Cable Corp. v. Tanney, 21 A D 2d 342; Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214). In the case at bar the jury found defendant free of any negligence. Consequently, the payment made by him in settlement of plaintiff's suit was one that he was not legally obligated to make. Therefore, he was a pure volunteer as to that payment and cannot recover it (Codling, supra; Colonial Motor Coach Corp. v. New York Cent. R. R. Co., 131 Misc. 891, 901). Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.