◼ NADIA SHAYA, Individually and as Mother of CAROL SHAYA, et al., Respondents, v JOSEPH PIACQUADDIO, Respondent, and WINVILLE OPERATING Co., Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Winville Operating Co. appeals from an order of the Supreme Court, Queens County, dated September 15, 1978, which, *inter alia,* granted the plaintiffs' motion to transfer the action from the Civil Court of the City of New York, Queens County, to the Supreme Court, and denied its cross motion for summary judgment. Order modified, on the law, by (1) deleting from the second decretal paragraph thereof the provision denying the cross motion and substituting therefor provisions granting the cross motion, severing the action as against appellant and dismissing the complaint as against it and (2) deleting from the first decretal paragraph thereof the words "defendants" and substituting therefor the following: "defendant Piacquaddio." As so modified, order affirmed, without costs or disbursements. The defendant Piacquaddio was a tenant in a ground-floor apartment located in Bayside, Queens. The appellant, Winville Operating Co. (Winville), is the owner of the building. On June 8, 1976, while a guest at the apartment, the plaintiff Carol Shaya allegedly slipped on a throw rug which covered a vinyl floor in the apartment and fell through a glass door leading to an adjacent sidewalk patio. As a result she suffered lacerations of her right arm and stomach. On June 30, 1976 the plaintiffs brought suit against the defendants for a total of $12,000 in the Civil Court of the City of New York, Queens County. The first cause of action was on behalf of Carol for $10,000 and the second cause of action was on behalf of her mother, Nadia Shaya, for $2,000 for loss of services and medical expenses. In June, 1978 the plaintiffs moved (1) to transfer the action to the Supreme Court, Queens County, and (2) for leave to serve an amended complaint increasing the total damages sought to $200,000. The appellant cross-moved for summary judgment. Special Term properly granted the plaintiffs' motion, noting that it was supported by a medical affidavit and that the defendants had not demonstrated that they would be prejudiced by the granting of the application (see *Posselt v Rossa,* 60 AD2d 854). However, the court denied the cross motion for summary judgment. We conclude that the cross motion for summary judgment should have been granted. The attorney's affidavit submitted in opposition to the cross motion alleges (1) that the vinyl floor, which was slippery, was supplied by the appellant and (2) that the door through which Carol fell was furnished and maintained by the appellant. The first allegation is not supported by the record, since it appears that Piacquaddio installed the floor in question. The second allegation is nothing more than a mere conclusory statement, unsupported by any additional facts. With respect to the issue of liability on the part of the appellant, the affidavit fails to set forth any factual issue which would require a trial. There appears to be no basis upon which the appellant can be held liable to the plaintiffs. Therefore, the appellant's cross motion for summary judgment should have been granted. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.