■ VARTUHI PARSEGHIAN et al., Plaintiffs, v GOLDEN PLUM FRUIT CORP., Defendant and Third-Party Defendant, DAV GOLD REALTY CORP., Defendant and Third-Party Plaintiff-Appellant, and MEE-MEE PRODUCE, INC., Defendant and Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the third-party plaintiff Dav Gold Realty Corp. appeals from an order of the Supreme Court, Queens County (Katz, J.), dated October 29, 1990, which granted the motion of the third-party defendant Mee-Mee Produce, Inc., for summary judgment dismissing the third-party complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The appellant landlord, Dav Gold Realty Corp., seeks indemnity from its tenant Mee-Mee Produce, Inc., for damages paid to the plaintiff in settlement of the plaintiff's claim that she was injured when she slipped on lettuce leaves and fell while present on the subject premises. However, "where a party voluntarily settles a claim, he must demonstrate that he was legally liable to the party whom he paid in order to recover over against an indemnitor" *(Abrams v Milwaukee Elec. Tool Corp.,* 171 AD2d 930, 931; *see also, Dunn v Uvalde Asphalt Paving Co.,* 175 NY 214; *Codling v Paglia,* 38 AD2d 154, *mod on other grounds* 32 NY2d 330).* Under the circumstances of this case, as a matter of law, the landlord was not liable for the plaintiff's injuries *(see, Silver v Brodsky,* 112 AD2d 213; *Shaya v Piacquaddio,* 67 AD2d 969; *see generally, Putnam v Stout,* 38 NY2d 607; *Manning v New York Tel. Co.,* 157 AD2d 264).* Therefore, the tenant was properly granted summary judgment dismissing the indemnity claim. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.