■ PATRICK SMITH, Respondent, v HEXALON REAL ESTATE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. BLADE CONTRACTING, INC., Third-Party Defendant-Appellant. [670 NYS2d 331] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated May 7, 1997, as denied its motion for summary judgment dismissing the complaint and third-party complaint and granted the plaintiff's cross motion for summary judgment against the defendants on the issue of liability under Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting therefrom the provision granting the plaintiff's cross motion for summary judgment against the defendants on the issue of liability under Labor Law § 240 (1) and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the appellant payable by the plaintiff-respondent.

The record demonstrates that questions of fact exist with respect to whether the injury sustained by the plaintiff was attributable to an elevation-related hazard within the meaning of Labor Law § 240 (1) (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 512-513; *see also, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 490-492; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 499; *Nohejl v 40 W. 53rd Partnership,* 205 AD2d 462; *Wentland v Occidental Chem. Corp.,* 188 AD2d 1030).

The appellant's remaining contentions are without merit. O'Brien, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.