■ ANDREW McGURRAN, Plaintiff, v DiCANIO PLANNED DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent. DiCANIO RESIDENTIAL COMMUNITIES CORP., Third-Party Defendant-Appellant. [674 NYS2d 706] —In an action to recover damages for personal injuries, the third-party defendant, DiCanio Residential Communities Corp., appeals from (1) a decision of the Supreme Court, Suffolk County (Doyle, J.), dated August 13, 1996, and (2) a judgment of the same court, entered January 14, 1997, upon the decision, which is in favor of the third-party plaintiff and against it in the principal sum of $176,991.24.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law, and the third-party complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff, a construction worker, was allegedly injured when his elbow and wrist became wedged between a wall and a pickup truck which was being backed up by a co-employee. The plaintiff sued the owner of the construction site where the accident happened, i.e., the defendant-third-party-plaintiff DiCanio Planned Development Corp. (hereinafter DPD). The plaintiff's employer, the third-party defendant DiCanio Residential Communities Corp. (hereinafter DRC) is immune from direct liability (*see,* Workers' Compensation Law § 29 [6]; *Cronin v Perry,* 244 AD2d 448; *Stephan v Stein,* 226 AD2d 364).

On May 10, 1993, the plaintiff and DPD announced the terms of a stipulation of settlement on the record in open court. The settlement was based on the plaintiff's issuance of a release to DPD in return for the payment, by DPD's insurer, of $176,991.24. An attorney appearing for DRC stated, *inter alia,* that "[T]he State Insurance Fund consents [to the settlement]".

The parties also stipulated that the third-party action in which DPD was seeking indemnification from DRC, whose employee was in fact the sole active tortfeasor, would remain pending.

Following its ultimately unsuccessful effort to obtain dismissal of the third-party action based on the anti-subrogation rule (*see, McGurran v DiCanio Planned Dev. Corp.,* 216 AD2d 538), DRC sought dismissal of the third-party action based on the alternative argument that it owes no duty of indemnification unless DPD, the supposed indemnitee, can prove that it was under a legal obligation to pay damages in connection with the underlying personal injury action (*see, e.g., Abrams v Milwaukee Elec. Tool Corp.,* 171 AD2d 930; *Trojcak v Wrynn,* 45 AD2d 770; *Codling v Paglia,* 38 AD2d 154, *affd* 32 NY2d 330). In *Codling v Paglia* (*supra,* at 161-162), the Court stated: " 'The rule in the State of New York, is that a person entitled to indemnity, where he is liable to be mulcted in damages, may settle the claims and recover over against the indemnitor, subject to the proof (1) of liability and (2) as to the reasonableness of the amount of settlement. * * * The rule is familiar that money voluntarily paid by one person for another may not be recovered back' (*Colonial Motor Coach Corp. v New York Cent. R. R. Co.,* 131 Misc 891, 901). A defendant who voluntarily pays without waiting for judgment assumes the risk of being able to prove the actionable facts upon which his liability depends, as well as the reasonableness of the amount he pays when he seeks recovery by way of indemnity from the party ultimately determined to be liable (*Dunn v Uvalde Asphalt Paving Co.,* 175 NY 214)".

The parties agreed to have the third-party action tried on submissions only. These submissions establish that the plaintiff had no available basis for imposing liability on DPD. The evidence establishes that DPD exercised no control over the operation in which the plaintiff was involved, and that the accident was caused by a dangerous condition produced by the methods used by DRC's own employee, so that DPD has no liability under the common law or Labor Law § 200 (*see, e.g., Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Dextre v Port Auth.,* 244 AD2d 449). Also, DPD had no liability pursuant to Labor Law § 240 (1), in that the plaintiff did not suffer an elevation-related injury (*e.g., Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Smith v Hexalon Real Estate,* 248 AD2d 703; *Duffy v Bass & D'Allesandro,* 245 AD2d 333). Further, DPD had no liability pursuant to Labor Law § 241 (6) in that there is no evidence of a violation of a " ' "specific positive command" ' " contained in the State Industrial Code (*Rizzuto v*

*Wenger Contr. Co.,* 91 NY2d 343, 349, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 504).

In sum, there is no justification for the imposition of liability on DPD. Accordingly, DRC is entitled to judgment in its favor dismissing the third-party complaint, which seeks common-law indemnification. Recovery on such a theory is precluded because DPD is unable to "prove the actionable facts upon which [its] liability depend[ed]" (*Codling v Paglia, supra,* at 162). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.