■ JOSEPH JEMAL et al., Appellants, v LUCKY INSURANCE COMPANY, LTD., et al., Respondents. [687 NYS2d 717] —In an action for a judgment declaring that the defendant Chong Ho Kim d/b/a Accessories Unlimited has the duty to indemnify the plaintiffs for a settlement paid in an underlying personal injury action, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated March 27, 1998, as granted the cross motion of the defendant Chong Ho Kim d/b/a Accessories Unlimited for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the complaint is reinstated insofar as asserted against the defendant Chong Ho Kim d/b/a Accessories Unlimited.

In determining the parties' respective motion and cross mo-

tions for summary judgment, the Supreme Court properly entertained the issue of whether the plaintiffs were entitled to contractual indemnification based on the indemnification covenant contained in the rider to the lease involved in this case, even though this cause of action was not pleaded in the complaint (*see, Matter of Belich,* 234 AD2d 544; *Costello Assocs. v Standard Metals Corp.,* 99 AD2d 227; *Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347, 352).

Where a party voluntarily settles a claim, he must demonstrate that he was legally liable to the party whom he paid and that the amount of settlement was reasonable in order to recover against an indemnitor (*see, Dunn v Uvalde Asphalt Paving Co.,* 175 NY 214; *Parseghian v Golden Plum Fruit Corp.,* 186 AD2d 546; *Abrams v Milwaukee Elec. Tool Corp.,* 171 AD2d 930, 931; *Trojcak v Wrynn,* 45 AD2d 770; *Codling v Paglia,* 38 AD2d 154, *mod on other grounds* 32 NY2d 330). There exist issues of fact as to whether the plaintiff landlord Joseph Jemal was legally liable to the injured plaintiff in the underlying action and whether the amount of the settlement was reasonable. Therefore, the cross motion for summary judgment dismissing the complaint insofar as asserted against the defendant tenant Chong Ho Kim d/b/a Accessories Unlimited should have been denied. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.