■ DENNIS PAHL et al., Plaintiffs, v GEORGE V. GRENIER, III, et al., Appellants, and HERTZ CORPORATION, Respondent, et al., Defendants. [719 NYS2d 370] —Mercure, J. P. Appeal from an order of the Supreme Court (Kramer, J.), entered November 23, 1999 in Schenectady County, which, *inter alia*, granted defendant Hertz Corporation's cross motion for summary judgment on its cross claims against defendants George V. Grenier, III and Nancy M. Mallery.

Plaintiffs brought this action to recover for catastrophic personal injuries sustained by plaintiff Amber Pahl in a November 22, 1995 automobile accident. Pahl was a front-seat passenger in an automobile that had been rented from defendant Hertz Corporation by defendant Nancy M. Mallery and was being driven by defendant George V. Grenier, III when it slid off Mudge Road in the Town of Duanesburg, Schenectady County, struck a tree stump, became airborne, flipped over and came to rest on its roof. Criminal charges against Grenier aris-

ing out of the same occurrence resulted in a jury verdict convicting him, as relevant here, of "reckless" assault in the second degree (Penal Law § 120.05 [4]) and speed not reasonable and prudent. The judgment of conviction was upheld on appeal to this Court (*People v Grenier*, 250 AD2d 874, *lv denied* 92 NY2d 898). In this action, Hertz settled plaintiffs' claim against it for $4,350,000 and then pursued its cross claims against Mallery for contractual indemnification and against Grenier for common-law indemnification. Ultimately, Supreme Court granted summary judgment in favor of Hertz on both of those cross claims, and Mallery* and Grenier appeal.

We affirm. Initially, we reject the contention that Supreme Court erred in its determination that the doctrine of collateral estoppel precluded Grenier's relitigation of the issue of his negligence. As it has evolved, the doctrine of collateral estoppel has only two requirements: there must be an identity of issue, and "the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). In appropriate circumstances, an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action (*see, S. T. Grand, Inc. v City of New York*, 32 NY2d 300, 304-305; *Grayes v DiStasio*, 166 AD2d 261, 262-263). Without doubt, a criminal jury's finding of recklessness is determinative of the issue of negligence arising out of the same conduct (*see, Grayes v DiStasio, supra*, at 263). Finally, it should be noted that the "burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity" (*D'Arata v New York Cent. Mut. Fire Ins. Co., supra*, at 664).

Contesting none of the foregoing, Grenier contends that, because the District Attorney denied his accident reconstruction expert a reasonable opportunity to inspect the vehicle, and particularly its braking system, there was not a full and fair opportunity to contest the issue of Grenier's recklessness at the criminal trial. We disagree. The record establishes that Grenier's expert was allowed to testify at the criminal trial concerning his theory that the accident was not caused by excessive speed—according to him, Grenier was driving approximately 30 miles per hour when the car left the road—but by a defect in the braking system, which caused the rear brakes to lock, a condition that was confirmed by his visual inspection of the vehicle. If, as now alleged, the expert was unreasonably

---

* Mallery failed to file an appellant's brief, thereby abandoning her appeal. We will therefore limit our consideration to Grenier's appeal.

denied an opportunity to make a more meaningful inspection of the vehicle and that denial impacted upon the persuasiveness of his trial testimony, it was incumbent upon Grenier to interpose a timely objection in the criminal court and to raise the issue on direct appeal from the judgment of conviction. Grenier has made no showing that this was done, and our decision affirming the judgment of conviction would seem to indicate that the issue was not raised on appeal (*see, People v Grenier, supra*). Under the circumstances, Grenier has failed to satisfy his burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action.

Grenier's remaining contentions warrant but brief discussion. First, in view of the fact that the doctrine of collateral estoppel precludes Grenier from relitigating the issue of his culpable conduct in bringing about Pahl's injuries, Hertz's claimed spoliation in disposing of the vehicle following Grenier's repeated requests for inspection had no prejudicial effect. Second, we are unpersuaded that Hertz's settlement with plaintiffs was unreasonable. In view of the fact that the accident rendered Pahl, then a high school senior, a paraplegic, we will not second-guess Hertz's unwillingness to risk a "runaway verdict" solely on the strength of a potential seat belt defense. In our view, a verdict in favor of plaintiffs was by no means unlikely and, if rendered, could well have resulted in a greater award of damages. Under the circumstances, we conclude that Grenier is bound by Hertz's reasonable good-faith settlement (*see, Fidelity Natl. Tit. Ins. Co. v First N. Y. Tit. & Abstract*, 269 AD2d 560; *Goldmark Indus. v Tessoriere*, 256 AD2d 306; *Coleman v J.R.'s Tavern*, 212 AD2d 568; *cf., Jemal v Lucky Ins. Co.*, 260 AD2d 352).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.