■ DAVID ACUNTO, Plaintiff, v BRUCE S. CONKLIN et al., Defendants and Third-Party Plaintiffs-Respondents. SAXCO ENTERPRISES, INC., et al., Third-Party Defendants-Appellants. [727 NYS2d 738] —Spain, J. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered April 3, 2000 in Saratoga County, which, *inter alia*, granted a motion by defendants to establish the reasonableness of the settlement amount.

Plaintiff commenced this action against the owner of certain property, defendant Bruce S. Conklin, and the general contractor, defendant Bruce S. Conklin and Company, raising Labor Law claims for personal injuries sustained in a fall from a roof.

Defendants thereafter commenced a third-party action seeking indemnification for plaintiff's claims against third-party defendant Saxco Enterprises, Inc., plaintiff's employer retained by defendants to be the roofing subcontractor, and third-party defendant Dennis G. Saxton, individually and doing business as Dennis Saxton Construction (hereinafter collectively referred to as Saxton). In 1995, Supreme Court granted plaintiff's motion for summary judgment against defendants on the issue of liability. In 1997, Supreme Court granted defendants' motion for summary judgment against Saxton on common-law indemnification. Liability is no longer an issue, leaving only the amount of damages.

In 1998, following a jury trial on the issue of damages, plaintiff was awarded $1.309 million—$300,000 of which was for past pain and suffering and $1.009 million for future pain and suffering. On Saxton's and defendants' appeals, this Court reversed and ordered a new trial, finding that plaintiff had been improperly permitted to introduce medical testimony at trial pertaining to plaintiff's potential for developing arthritis as a result of his injuries, on the ground that this condition had not been disclosed in plaintiff's bill of particulars (260 AD2d 787).

Seven months later and prior to jury selection in the retrial on the issue of damages, defendants settled with plaintiff for $500,000 plus statutory interest of $180,000, its policy limit. Supreme Court thereafter granted defendants' motion for a judgment establishing the reasonableness of the settlement, determining that the amount of the settlement was reasonable and, *inter alia*, ordering Saxton to indemnify defendants for the settlement amount plus statutory interest. Saxton appeals, contending that a jury trial is necessary to determine the reasonableness of defendants' settlement with plaintiff. We disagree and, accordingly, affirm.

Inasmuch as plaintiff had obtained summary judgment on liability against defendants in 1995, there was no question that defendants were already legally obligated to plaintiff when defendants reached a settlement with plaintiff on the eve of trial, consenting to the entry of judgment in the sum of $500,000 plus statutory interest (*see, Codling v Paglia*, 38 AD2d 154, 161-162, *mod on other grounds* 32 NY2d 330; *cf., Jemal v Lucky Ins. Co.*, 260 AD2d 352; *McGurran v DiCanio Planned Dev. Corp.*, 251 AD2d 467; *Parseghian v Golden Plum Fruit Corp.*, 186 AD2d 546). Further, defendants demonstrated the reasonableness of the settlement amount which was less than half of the first jury verdict and well within the range of

posttrial settlement offers being discussed by defendants as well as Saxton (*see, Dunn v Uvalde Asphalt Paving Co.*, 175 NY 214; *Pahl v Grenier*, 279 AD2d 882; *Codling v Paglia, supra*).

The medical evidence established that as a result of a 25-foot fall, plaintiff sustained a fracture of his lumbar spine and severe fractures to his left wrist, left ankle and tibia. The wrist and ankle fractures both required surgeries and insertion of multiple screws/pins and the ankle joint was fused, leaving plaintiff with permanent limitations of motion in both. Indeed, the jury awarded plaintiff $300,000 for past pain and suffering alone—a finding unrelated to any improperly admitted testimony regarding the likelihood of his developing arthritis in the future (260 AD2d 787, 788, *supra*)—and plaintiff's life expectancy was 47.5 years. On these facts, defendants were not required to risk a "runaway verdict" exceeding their insurance coverage and demonstrated that their settlement with plaintiff was eminently reasonable (*see, Pahl v Grenier, supra*, at 884). Finally, contrary to Saxco's contentions, this Court, in ordering a new trial on evidentiary grounds, expressly declined to rule on the excessiveness of the verdict (260 AD2d 787, 789, *supra*).

Crew III, J. P., Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.