■ STERLING INSURANCE COMPANY, Respondent, v JACK CHASE, Also Known as DON CHASE, Also Known as DONALD L. CHASE, Appellant. [731 NYS2d 778] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered November 8, 1999 in Washington County, which, *inter alia*, granted plaintiff's cross motion for summary judgment.

In October 1995, defendant was convicted of two counts of insurance fraud in the second degree and one count of arson in the third degree stemming from two fires that occurred at his residence in February 1990 and February 1993, respectively. At the time of the first fire in 1990, the property in question was insured by United States Fidelity & Guaranty Company; beginning in 1991 and at the time of the second fire in 1993, the property was insured by plaintiff. Defendant subsequently was sentenced to a lengthy period of incarceration and, in conjunction therewith, ordered to pay plaintiff $100,804.27 for proceeds previously paid to defendant under the subject policy of insurance, together with the statutory surcharge, for a total of $105,844.41. Defendant thereafter appealed from both the December 1995 judgment of conviction and the January 1996 order of restitution but, as of the date of this decision, such appeal has not been perfected.

In the interim, in or about December 1995, plaintiff com-

menced this action against defendant sounding in common-law fraud and seeking to recover the proceeds paid under the aforementioned policy of insurance.* Plaintiff commenced a similar action against defendant in Vermont, where defendant apparently owned property, which was voluntarily discontinued with prejudice in 1998. In August 1999, defendant moved to, *inter alia*, compel the production of certain documents and photographs, and plaintiff cross-moved for summary judgment. Supreme Court granted plaintiff's cross motion, denied defendant's various motions and ordered that any sums paid under the prior order of restitution be credited against plaintiff's recovery in this action. This appeal by defendant ensued.

We affirm. Defendant's primary contention on appeal is that Supreme Court erred in giving preclusive effect to the prior judgment of conviction. The doctrine of collateral estoppel has but two requirements—"it must be shown that there is an identity of issue which has necessarily been decided in the prior litigation and which is decisive of the present action, and that the party sought to be estopped had a full and fair opportunity to contest the decision that is now claimed to be controlling" (*Comi v Breslin & Breslin*, 257 AD2d 754, 757; *see, Pahl v Grenier*, 279 AD2d 882, 883; *Pollicino v Roemer & Featherstonhaugh*, 277 AD2d 666, 667-668). As the Court of Appeals has noted, "in appropriate situations, an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664).

Here, it is readily apparent that the "identity of issue" requirement has been satisfied. In the context of its civil action for common-law fraud, plaintiff needed to show that defendant misrepresented a material fact, that he did so knowingly, that such misrepresentation was justifiably relied upon and that some injury or damage to plaintiff resulted (*see, CFJ Assocs. v Hanson Indus.*, 274 AD2d 892, 894; *Fitch v TMF Sys.*, 272 AD2d 775, 777). Defendant, it will be recalled, was convicted of insurance fraud in the second degree, which requires the commission of a "fraudulent insurance act" (Penal Law § 176.25). A fraudulent insurance act, in turn, "is committed by any person who, knowingly and with the intent to defraud presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer * * * any

---

* United States Fidelity & Guaranty Company initially was named as a party plaintiff but thereafter voluntarily discontinued its action against defendant.

written statement * * * or a claim for payment or other benefit pursuant to an insurance policy * * * which he knows to * * * contain materially false information concerning any fact material thereto" (Penal Law § 176.05 [1] [i]). Under such circumstances, it cannot seriously be argued that defendant's submission of a false fire loss claim failed to constitute common-law fraud.

We reach a similar conclusion with respect to whether defendant had a full and fair opportunity to litigate the fraud issue during his criminal trial. Whether a particular party had a full and fair opportunity to litigate a specific issue involves consideration of a number of factors, including: " 'the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation' " (*Gilberg v Barbieri*, 53 NY2d 285, 292, quoting *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 72). Given the severity of the charges at issue in the criminal proceeding, together with the potential for a lengthy prison sentence and the corresponding loss of liberty, we are persuaded that defendant, who was represented by counsel at a jury trial, had a full and fair opportunity to litigate the underlying fraud issue. Although defendant raises a number of arguments on appeal in support of his argument to the contrary—namely, that his criminal conviction was fraudulently obtained due to the fact that the evidence against him at trial was either illegally seized, tampered with or destroyed—such claims are more properly the subject of a direct appeal from the judgment of conviction. Defendant's remaining contentions, including his assertion that discontinuance of the Vermont action barred prosecution of this pending civil action, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.