■ James R. Searles, Appellant, v James W. Dalton II, Respondent, et al., Defendant. [751 NYS2d 84] —Crew III, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered March 15, 2002 in Delaware County, which, inter alia, denied plaintiff's motion to strike the affirmative defenses of defendant James W. Dalton II.

Plaintiff and defendant James W. Dalton II (hereinafter defendant) were involved in an altercation in July 2000, as a result of which plaintiff sustained certain injuries. Defendant subsequently pleaded guilty to assault in the third degree and was fined $1,000 and ordered to pay restitution in the amount of $10,323.20, representing plaintiff's medical expenses. Plaintiff thereafter commenced this action against, among others, defendant seeking to recover additional damages. Following joinder of issue, plaintiff moved to, inter alia, strike defendant's affirmative defenses and for summary judgment dismissing defendant's counterclaim as time-barred. Supreme Court denied plaintiff's motion in its entirety, and this appeal ensued.

Plaintiff initially asserts that as a result of defendant's plea

of guilty to assault in the third degree, defendant is collaterally estopped from raising the issues of culpable conduct and/or justification as set forth in defendant's first and third affirmative defenses. We cannot agree. To be sure, under appropriate circumstances, "an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (*Pahl v Grenier*, 279 AD2d 882, 883; *see Braunsdorf v Haywood*, 295 AD2d 731, 732), and such preclusive effect is possible regardless of whether the underlying criminal proceeding was resolved by a jury trial (*see Sterling Ins. Co. v Chase*, 287 AD2d 892, 894) or a guilty plea (*see Kuriansky v Professional Care*, 158 AD2d 897, 899; *Merchants Mut. Ins. Co. v Arzillo*, 98 AD2d 495, 496). The party seeking to invoke the doctrine of collateral estoppel, however, must demonstrate that the issue in the pending proceeding is identical to and necessarily was decided in the prior proceeding and, further, that the party seeking to be precluded from relitigating that issue had a full and fair opportunity to contest it in the prior proceeding (*see Pahl v Grenier, supra* at 883).

The sparse record before us, which reflects only that defendant pleaded guilty to assault in the third degree, does not permit such a finding here. The certificate of disposition contains no details of defendant's plea, and defendant's allocution is not contained in the record on appeal. Thus, even assuming that the culpable conduct/justification issues could have been raised in the prior criminal proceeding, there is nothing in the record to suggest that defendant indeed had a full and fair opportunity to litigate those issues prior to pleading guilty (*compare Captain v Hamilton*, 178 AD2d 938). Accordingly, Supreme Court did not err in denying plaintiff's motion to strike defendant's first and third affirmative defenses.

The remaining arguments raised by plaintiff do not warrant extended discussion. Defendant's second affirmative defense, although inartfully pleaded, appears to assert an offset for the amount of restitution previously paid against any damages that plaintiff might be awarded in this action. As plaintiff cannot receive a double recovery for the exact same injury (*see generally Grynbal v Grynbal*, 32 AD2d 427, 429-430), Supreme Court appropriately rejected plaintiff's claim that this defense was invalid as a matter of law. Finally, inasmuch as defendant's counterclaim arises out of the same transaction as the underlying complaint, such counterclaim is not time-barred (*see* CPLR 203 [d]). Accordingly, Supreme Court's order is affirmed in all respects.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.