■ DEAN A. VAN EPPS et al., Plaintiffs, v TOWN OF VERONA, Defendant, and UNIQUE DESIGN & DEVELOPMENT, INC., Respondent. TOWN OF VERONA, Third-Party Plaintiff, v JOSEPH WOOD, Third-Party Defendant-Appellant. (Appeal No. 1.) [758 NYS2d 882] —Appeal from an order of Supreme Court, Oneida County (Parker, J.), entered January 4, 2002, which granted the motion of defendant Unique Design & Development, Inc. for summary judgment on its claim for indemnification against third-party defendant.

■ DEAN A. VAN EPPS et al., Plaintiffs, v TOWN OF VERONA, Defendant, and UNIQUE DESIGN & DEVELOPMENT, INC., Respondent. TOWN OF VERONA, Third-Party Plaintiff, v JOSEPH WOOD, Third-Party Defendant-Appellant. (Appeal No. 2.) [758 NYS2d 751] —Appeal from a judgment of Supreme Court, Oneida County (Shaheen, J.), entered April 11, 2002, which awarded defendant Unique Design & Development, Inc. a money judgment against third-party defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the award is vacated.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Dean A. Van Epps (plaintiff) when he allegedly fell while installing flashing on the roof of an addition to the Town Hall owned by defendant-third-party plaintiff, Town of Verona (Town). The Town commenced a third-party action against plaintiff's employer, Joseph Wood, seeking common-law indemnification and other relief. Defendant Unique Design & Development, Inc. (Unique), the general contractor on the construction project, asserted a cross claim against Wood seeking common-law indemnification and other

relief. Plaintiffs moved for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Supreme Court denied the motion and granted in part the cross motion of the Town seeking summary judgment dismissing the remaining causes of action against it. The Town and Unique thereafter settled the action with plaintiffs for approximately $450,000. The Town assigned its indemnification claim against Wood to Unique, and Unique moved for summary judgment on its claim for indemnification against Wood, seeking the amount of the settlement with plaintiffs. The court granted the motion and Wood appeals.

We note at the outset that we reject Wood's contention that the court erred in ruling on the motion because Unique failed to support the motion with copies of all of the pleadings (*cf. D.J. Enters. of WNY v Benderson*, 294 AD2d 825 [2002]). Under the circumstances presented here, Unique was not required to submit copies of pleadings that had been superseded by amended pleadings (*see generally Aikens Constr. of Rome v Simons*, 284 AD2d 946, 947 [2001]) or the pleadings in the third-party action against Wood's insurance carrier that had been dismissed by the time of Unique's motion. In any event, Unique supplemented its submissions supporting the motion and the record contains all of the pleadings in the main action and the third-party actions.

We further conclude, however, that the court should have denied Unique's motion. "Where a party voluntarily settles a claim, he must demonstrate that he was legally liable to the party whom he paid and that the amount of [the] settlement was reasonable in order to recover against an indemnitor" (*Jemal v Lucky Ins. Co.*, 260 AD2d 352, 353 [1999]). Here, the court had previously determined that plaintiffs had not established their entitlement to partial summary judgment on Labor Law § 240 (1) liability because the record contained conflicting versions of how the accident occurred, including plaintiff's own inconsistent accounts (*see Woodworth v American Ref-Fuel*, 295 AD2d 942, 943 [2002]). Unique's submissions in support of the instant motion fail to eliminate the issues of fact concerning liability arising from those conflicting versions of the accident. Further, Unique failed to meet its burden of demonstrating that the amount of the settlement was reasonable (*see Jemal*, 260 AD2d at 353). The motion, therefore, should have been denied. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Lawton, JJ.