■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA., Respondent, v RED APPLE GROUP, INC., et al., Appellants, et al., Defendant. [767 NYS2d 68] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 9, 2003, which denied defendants' motion for summary judgment, and implicitly granted plaintiff insurer's motion for partial summary judgment on the issue of defendants' liability to indemnify it for a settlement entered into with a third party to the extent of finding that the only issue left for trial was the reasonableness of the settlement amount paid by plaintiff, unanimously affirmed, with costs.

Where, as here, the indemnitee fails to notify the indemnitor of a settlement with the claimant, indemnification is conditioned upon the indemnitee's demonstration that it would have been liable to the claimant, that there was no good defense, and that the settlement was in a reasonable amount (*see Chase Manhattan Bank v 264 Water St. Assoc.*, 222 AD2d 229, 231 [1995]; *Feuer v Menkes Feuer Inc.*, 8 AD2d 294, 299 [1959]). Neither side contests that a question of fact exists as to the reasonableness of the amount of the settlement, as the motion court found. The only issues on appeal, apparently resolved by the motion court in plaintiff National Union's favor, are whether National Union has demonstrated that it would have been liable to the claimant (HELM) and that there were no good defenses to the action by HELM against National Union and defendants. We find that National Union has made such a showing.

HELM had standing to assert a claim under the policy as a third-party beneficiary. Although HELM was not named as a third-party beneficiary, the policy endorsement, the certificate of insurance, the indemnification agreement and the lease clearly demonstrate an intent that HELM was to be a third-party beneficiary (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44 [1985]). The policy endorsement was specifically and expressly created to satisfy the terms of the lease between defendants and HELM, which lease required that insurance on the property be maintained for the "mutual benefit" of HELM and the tenant defendants. Furthermore, defendants waived any right to make a claim under the policy endorsement at the time of its making, leaving HELM as the only possible claimant, thus evidencing its intended status as a third-party beneficiary (*Alicea v City of New York*, 145 AD2d 315, 318 [1988] citing *Fourth Ocean Putnam Corp. v Interstate Wrecking Co., supra* at 45). Additionally, it is uncontested that the property was destroyed and that defendant tenants were

liable for its repair or replacement, and that, as the insurer of the property, National Union became obligated to make the payment.

Defendants' contention that there were good defenses to the action with HELM are conclusory and speculative, and as such, fail to raise a triable issue of fact. Furthermore, defendants' assertion that National Union breached the policy by paying the settlement money, in escrow, to HELM, instead of defendants' related company, was expressly rejected when defendants' breach of contract counterclaim was dismissed on a prior motion, which disposition was affirmed by this Court (281 AD2d 296 [2001]).

We have examined defendants' remaining contentions and find them unavailing. Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.