■ RADHAME ALBERTO, Plaintiff, v NASSAU SLING Co., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. LIFT-ALL, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Other Third-Party Actions.) [782 NYS2d 677]—

In an action to recover damages for personal injuries, in which the defendant Nassau Sling Co. commenced a sixth-party action to be indemnified for any settlement paid to the plaintiff, the sixth-party defendant Lift-All appeals from (1) an order of the Supreme Court, Kings County (Martin, J.), dated April 25, 2003, which granted the motion of Nassau Sling Co. for summary judgment, and (2) a judgment of the same court dated July 2, 2003, which, upon the order, inter alia, is in favor of Nassau Sling Co. and against it in the principal sum of $200,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, and the order is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Nassau Sling Co. voluntarily settled the plaintiff's claim against it based on an allegation that a product distributed by it and manufactured by Lift-All was defective. To recover against an indemnitor when a party voluntarily settles a claim, the party must demonstrate that it was legally liable to the party it paid and that the amount of settlement was reasonable (*see Jemal v Lucky Ins. Co.,* 260 AD2d 352, 353 [1999]).

A products liability case can be proven without evidence of any particular defect by presenting circumstantial evidence excluding all causes of the accident not attributable to the defendant's product, thereby giving rise to an inference that the accident could only have occurred due to some defect in the product (*see Halloran v Virginia Chems.,* 41 NY2d 386 [1977]; *Graham v Pratt & Sons,* 271 AD2d 854 [2000]). That is, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to the defendants (*see Speller v Sears, Roebuck & Co.,* 100 NY2d 38, 41 [2003]; *Halloran v Virginia Chems., supra*). However, there are issues of fact as to whether Nassau eliminated all causes of the accident not attributable to a defect in the product. Thus the Supreme Court erred in granting Nassau's motion for summary judgment on its claim for indemnification against Lift-All (*see Speller v Sears, Roebuck & Co., id.; Jemal v Lucky Ins. Co., supra*).

Lift-All's remaining contentions are without merit. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.