■ FELIX MIDURA, Plaintiff, v 740 CORPORATION, LLC, Defendant and Third-Party Plaintiff-Appellant. ANDREW STONE et al., Third-Party Defendants-Respondents. (And Other Titles.) [818 NYS2d 247]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, 740 Corporation, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), entered October 22, 2004, as granted the motion of the third-party defendant and second third-party plaintiff, Andrew Stone, for summary judgment dismissing the third-party complaint, and denied its cross motion for summary judgment on its third-party claim for indemnification against the third-party defendant and second third-party plaintiff, Andrew Stone.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the contention of the defendant third-party plaintiff, 740 Corporation, LLC (hereinafter 740), the Supreme Court properly granted the motion of the third-party defendant and second third-party plaintiff, Andrew Stone, for summary judgment dismissing the third-party complaint and denied its cross motion for summary judgment on its third-party claim for indemnification against Stone. A party which voluntarily settles an action without being legally liable may not obtain indemnification from a third party for the amount of the settlement (*see Alberto v Nassau Sling Co.*, 11 AD3d 571 [2004]; *McGurran v DiCanio Planned Dev. Corp.*, 251 AD2d 467 [1998]; *Parseghian*

*v Golden Plum Fruit Corp.*, 186 AD2d 546 [1992]; *Abrams v Milwaukee Elec. Tool Corp.*, 171 AD2d 930 [1991]). In this case, 740 effectively conceded liability for the plaintiff's injuries by failing to oppose the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and thereafter stipulated to payment of $600,000 to the plaintiff. However, that statute was inapplicable to the plaintiff's accident under established case law (*see generally Misseritti v Mark IV Constr. Co.*, 86 NY2d 487 [1995]; *McGurran v DiCanio Planned Dev. Corp., supra*); hence, 740 could not be liable to the plaintiff on that basis and could not obtain indemnification for the settlement.

Similarly unavailing is the contention of 740 that it is nevertheless entitled to indemnification because its potential liability to the plaintiff pursuant to Labor Law § 241 (6) was implicated by the motion. The plaintiff's motion for summary judgment was premised solely upon Labor Law § 240 (1), and it made no reference to Labor Law § 241 (6). In any event, even if the motion had been based on Labor Law § 241 (6), 740 voluntarily elected not to oppose the motion without giving Stone notice of the motion and an opportunity to defend against it. Accordingly, in order to obtain indemnification under these circumstances, 740 would be required to prove actual rather than potential liability to the plaintiff and that it had no viable defense to a claim pursuant to Labor Law § 241 (6) (*see generally National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group*, 309 AD2d 657 [2003]; *Chase Manhattan Bank v 264 Water St. Assoc.*, 222 AD2d 229 [1995]; *Feuer v Menkes Feuer, Inc.*, 8 AD2d 294 [1959]). Given the facts of this case, 740 is unable to sustain that burden as a matter of law. Therefore, 740 is not entitled to indemnification pursuant to its contract with Stone.

In view of the foregoing, we do not reach the parties' remaining contentions. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.