THOMAS RIGLIONI, Respondent, v CHAMBERS FORD TRACTOR SALES, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendant. CONGDON ASSOCIATES DISTRIBUTING Co., Third-Party Defendant-Appellant-Respondent. [828 NYS2d 520]—

In an action, inter alia, to recover damages for personal injuries based upon strict products liability, the defendant third-party defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated June 23, 2004, as denied its motion for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it, and granted that branch of the cross motion of the defendant third-party plaintiff which was for conditional summary judgment on its third-party claim for indemnification, and (2) from an order of the same court dated May 25, 2005, which denied its motion for leave to renew its prior motion for summary judgment, and the defendant third-party plaintiff separately appeals, as limited by its brief, from so much of the order dated June 23, 2004, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed, with one bill of costs to the plaintiff, payable by the defendant third-party plaintiff and the defendant third-party defendant.

The plaintiff allegedly was injured when he fell while operating a lawnmower after certain equipment connected to the lawnmower broke apart. The plaintiff commenced this action against, among others, Congdon Associates Distributing Co. (hereinafter Congdon), the distributor of the equipment, and Chambers Ford Tractor Sales, Inc. (hereinafter Chambers), a retailer who acquired the equipment from Congdon Associates and sold it to the plaintiff's employer. The amended complaint asserted, inter alia, a cause of action sounding in strict products liability.

A plaintiff may prevail on a strict products liability cause of action without any evidence of a particular defect in the product where a plaintiff can "prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to [the] defendants," thereby giving rise to an inference that the accident could only have been caused by a defect in the product (*Speller v Sears, Roebuck & Co.,* 100 NY2d 38, 41 [2003]; *see Halloran v Virginia Chems.,* 41 NY2d 386 [1977]; *Alberto v Nassau Sling Co.,* 11 AD3d 571 [2004]). However, " 'if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect' " (*Sideris v Simon A. Rented Servs.,* 254 AD2d 408, 409 [1998], quoting *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 127 [1990]).

The Supreme Court properly denied summary judgment dismissing the complaint insofar as asserted against Congdon and Chambers. Congdon and Chambers established their prima facie entitlement to judgment as a matter of law by submitting evidence that the accident may have been caused by, among other things, prior damage or alteration to the equipment that was attributable to the plaintiff's employer (*see Sideris v Simon A. Rented Servs., supra*). However, the plaintiff produced evidence sufficient to raise triable issues of fact as to whether the only possible cause of the product's failure was a defect in the product (*see Speller v Sears, Roebuck & Co., supra*).

Furthermore, the Supreme Court properly granted that branch of Chambers's cross motion which was for conditional summary judgment on its third-party claim for indemnification against Congdon (*see Godoy v Abamaster of Miami,* 302 AD2d 57 [2003]).

Finally, the Supreme Court properly denied the motion of Congdon for leave to renew its prior motion for summary judgment. "A motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the

prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*O'Connell v Post,* 27 AD3d 631, 631 [2006]; *see* CPLR 2221 [e]; *Renna v Gullo,* 19 AD3d 472, 473 [2005]). " 'Leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion' " (*City of New York v St. Paul Fire & Mar. Ins. Co.,* 21 AD3d 982, 983 [2005], quoting *Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw,* 304 AD2d 668, 669 [2003]). In support of its motion for renewal, Congdon both submitted evidence that was cumulative with respect to factual material submitted on the original motion, and failed to offer an explanation for neglecting to present the additional evidence on the original motion (*see City of New York v St. Paul Fire & Mar. Ins. Co., supra; Simon v Mehryari,* 16 AD3d 664 [2005]; *Sherman v Piccione,* 304 AD2d 552 [2003]; *Stone v Bridgehampton Race Circuit,* 244 AD2d 403 [1997]). Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.