■ THE PROMENADE et al., Appellants, v SCHINDLER ELEVATOR CORPORATION et al., Defendants. THE GLICK ORGANIZATION

et al., Third-Party Plaintiffs, v A-WACHSBERGER ROOFING & SHEET METAL WORK INC. et al., Third-Party Defendants, and DE-CON MECHANICAL CORP., Third-Party Defendant-Respondent. [834 NYS2d 97]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered July 5, 2005, dismissing all claims against third-party defendant De-Con Mechanical Corp., unanimously reversed, on the law, without costs, the judgment vacated, the indemnification claim reinstated, and the matter remanded for further proceedings.

This action arose 15 years ago as the result of defendant and third-party plaintiff The Glick Organization's alleged breach of contract and warranties in defectively constructing The Promenade, a residential housing complex constructed in the mid-1980s on East 76th Street in Manhattan. Three years later, Glick (the developer and general contractor) commenced a third-party action for contractual indemnification against some of its subcontractors, including plumbing subcontractor De-Con Mechanical Corp. In October 2004, Promenade and Glick entered into an agreement settling the main action. The settlement agreement provided, inter alia, that Glick pay Promenade $1.8 million and assign Promenade its claim for contractual indemnification against De-Con for a total settlement value of just over $2.84 million, or approximately 60% of Promenade's $4.7 million claim against Glick. In response, De-Con moved for summary judgment dismissing Glick's claims against it, and in February 2005, the motion court granted De-Con's motion.

Promenade's assertion that De-Con lacked standing to challenge the legality of the assignment is unpreserved, having been raised for the first time on this appeal, and in any event lacks merit, since De-Con was an interested party in such determination. However, De-Con failed to establish its entitlement to summary judgment defeating the assignment.

De-Con's contention that Promenade was seeking an alleged double recovery for its damages resulting from De-Con's defective plumbing work must fail because it ignores several facts: that the total settlement value represented only about 60% of what Promenade was owed by Glick and covered claims other than for De-Con's defective plumbing work; that the assign-

ment of Glick's contractual indemnity claim against De-Con was accepted by Promenade as part of the settlement value in lieu of a larger cash payment; and that the assignment does not convey a right to be indemnified by De-Con for $1.04 million but merely a right to pursue claims for damages up to a maximum value of $1.04 million, subject to proof in court. Hence, Promenade was seeking nothing more than the full value of its negotiated settlement.

The contention that the assignment should be nullified as champertous is belied by the fact that Promenade did not accept the assigned claim for the sole purpose of bringing a claim against De-Con either as an investment or to harass or injure it (*see Ehrlich v Rebco Ins. Exch.*, 225 AD2d 75, 77 [1996], *lv dismissed* 89 NY2d 1029 [1997]), but rather for the sole purpose of pursuing with Glick the full value of its settlement of contractual claims involving the three parties.

The contention that CPLR 4545 (c) is applicable is without merit inasmuch as that provision addresses collateral sources of indemnity or other recovery in tort actions, not in a contractual action as before us here. Also inapplicable, for similar reasons, is General Obligations Law § 15-108, which expressly applies to releases and the right to contribution among tortfeasors, and not the contractual indemnification at issue here.

Finally, we reject De-Con's contention that Glick's alleged conduct as a voluntary settlor precludes any subsequent liability of De-Con for indemnification. As a part of the monetary value of its settlement with Promenade, Glick apportioned $1.04 million as its own share of liability for the plumbing damages, and assigned to Promenade its right to prove and recover plumbing damages caused by De-Con's performance up to that amount. Thus, Glick was not a voluntary settlor (*see Midura v 740 Corp., LLC*, 31 AD3d 401 [2006]), but was merely satisfying its own liability to Promenade for the defective plumbing work. Concur— Tom, J.P., Mazzarelli, Williams, Buckley and McGuire, JJ.