*628 In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated February 13, 2007, which granted the motion of the defendants Pequa Industries, Inc., and the Home Depot, Inc., and the separate motion of the defendants Joseph Testa and Kelly Testa for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with one bill of costs.
The plaintiff Kevin Mincieli (hereinafter Mincieli) allegedly was injured when gas in a cesspool exploded. Mincieli and his wife, suing derivatively (hereinafter together the plaintiffs), commenced this action, inter alia, to recover damages based on strict products liability and negligence with respect to Pequa Industries, Inc. (hereinafter Pequa), and the Home Depot, Inc. (hereinafter Home Depot), and negligence with respect to Joseph Testa and Kelly Testa (hereinafter together the homeowners). The plaintiffs contended, inter alia, that Pequa manufactured and Home Depot sold a defective product which the homeowners used and which subsequently exploded while Mincieli attempted to clean the homeowners’ cesspool.
To succeed on a motion for summary judgment involving a claim for strict products liability, a defendant must show prima facie that its product was not defective or that there were other causes of the accident not attributable to it (see Sabessar v Presto Sales & Serv., Inc., 45 AD3d 829 [2007]). If a defendant submits any evidence that the accident was not necessarily attributable to a defect, the plaintiff then must produce direct evidence of a defect (see Riglioni v Chambers Ford Tractor Sales, Inc., 36 AD3d 785 [2007]).
Here, Pequa and Home Depot established their prima facie entitlement to judgment as a matter of law regarding the strict products liability cause of action by demonstrating that the product was not defective. In opposition, the plaintiffs failed to raise a triable issue of fact (see Ramos v Howard Indus., Inc., 10 NY3d 218 [2008]).
In addition, Pequa and Home Depot established their prima facie entitlement to judgment as a matter of law regarding the negligence cause of action by demonstrating that the homeowners’ use of Pequa’s product was not a proximate cause of Mincieli’s injuries (see Kelly v Academy Broadway Corp., 206 *629 AD2d 794 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact {id.).
The homeowners established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not cause or have actual or constructive notice of a hazardous condition in the cesspool (see Plakstis v Lighthouse, LLC, 37 AD3d 573, 573-574 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact {id.).
The plaintiffs’ remaining contentions are without merit. Fisher, J.P, Miller, Dillon and Eng, JJ., concur.