■ BOARD OF MANAGERS OF THE 195 HUDSON STREET CONDOMINIUM, Appellant-Respondent, v 195 HUDSON STREET ASSOCIATES, LLC, et al., Defendants, and K&J CONSTRUCTION Co., LP., et al., Respondents-Appellants. (And a Third-Party Action.) [881 NYS2d 84]—

Judgment, Supreme Court, New York County (Jane S. Solo-

mon, J.), entered January 8, 2008, awarding plaintiff the principal sum of $2,059,692.09, and bringing up for review the court's post-trial order, entered December 24, 2007, which, to the extent appealed from as limited by the briefs, precluded plaintiff's expert from testifying as to future costs and directed a verdict to that effect, and denied the motion by defendants K&J and Gonzalez to set off the amount paid by the settling codefendants as against the verdict, unanimously modified, on the law, the directed verdict precluding expert testimony as to future costs estimates vacated, the matter remanded for a new trial as to these damages, and otherwise affirmed, without costs.

Plaintiff's argument that the court abused its discretion by precluding their expert from testifying as to future costs is preserved (see CPLR 5501 [a] [3]; Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 382 [1983]). "Given the lengthy colloquy on the subject, the court obviously was aware of the nature of the objection and, more importantly, it recognized that the issue would be subject to appellate review" (Gallegos v Elite Model Mgt. Corp., 28 AD3d 50, 59 [2005]).

While the "qualification of an expert witness is within the court's sound discretion, and its determination will not be disturbed in the absence of serious mistake, an error of law or abuse of discretion" (People v Jones, 171 AD2d 609, 610 [1991], lv denied 77 NY2d 996 [1991]), this expert should not have been precluded from testifying as to future cost estimates (see generally Isaacs v Incentive Sys., 52 AD2d 550 [1976]). Licensed professionals acting as experts have been found qualified to give their opinions regarding future or estimated costs (see Matter of City of Troy v Town of Pittstown, 306 AD2d 718, 719 [2003], lv denied 1 NY3d 505 [2003]), and this witness's education, training and experience qualified him to testify as an expert in connection with estimating costs. The computer database utilized by plaintiff's expert to prepare prebid cost estimates was based on the same methodology employed in connection with the completed remediation work—specifications and bids of hundreds of prior projects on which the expert had worked. Furthermore, "any alleged lack of knowledge in a particular area of expertise goes to the weight and not the admissibility of the testimony," and could have been cured with a limiting instruction to the jury (see Moon Ok Kwon v Martin, 19 AD3d 664, 664 [2005]).

K&J/Gonzalez's argument that it is entitled to set off against the $2,059,692.09 jury verdict the $1,960,000 received from the settling codefendants is unsupported by the record (see e.g. Promenade v Schindler El. Corp., 39 AD3d 221, 222-223 [2007],

*lv dismissed* 9 NY3d 839 [2007]). Based on the explicit language of the second amended complaint, the verdict sheet and the settling agreements, there is no basis for concluding that the jury allocated damages to these defendants based on the same claims or injuries by which plaintiff had entered into its agreements with the settling codefendants. Plaintiff's amended CPLR 3101 (d) expert disclosure clearly indicated that this expert's testimony would address construction defects caused by K&J and the "costs to remedy" those defects. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ. [*See* 2007 NY Slip Op 34205(U).]