■ DAVID OLSSON, Appellant, v MATTHEW CRAIG MACDONALD, Also Known as CRAIG MACDONALD, Respondent. [792 NYS2d 250]—

Mercure, J.P. Appeal from an order of the Supreme Court (Mulvey, J.), entered December 10, 2003 in Chemung County, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of liability.

In May 2002, plaintiff was assaulted by defendant while attending a dance at Elmira College in the City of Elmira, Chemung County. Plaintiff asserts that he was attacked from behind and that he did nothing to precipitate or provoke the attack. As a result of the incident, defendant was charged with assault in the third degree (Penal Law § 120.00 [1]), and he was later convicted of that charge upon his plea of guilty. Thereafter, plaintiff commenced this action, asserting causes of action for negligence and assault. Defendant proffered several affirmative defenses, including that plaintiff's injuries were caused in whole or part by plaintiff's culpable conduct. Plaintiff moved for partial summary judgment on liability and Supreme Court denied the motion. Plaintiff appeals.

The doctrine of collateral estoppel may apply when there is an identity of issues and " 'the party to be precluded from relitigating an issue . . . had a full and fair opportunity to contest the prior determination' " (*Pahl v Grenier*, 279 AD2d 882, 883 [2001], quoting *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). A party in a civil action may be collaterally estopped from challenging liability when that party has pleaded guilty to criminal charges addressed to the same incident (*see Pahl v Grenier, supra* at 883; *Kuriansky v Professional Care*, 158 AD2d 897, 899 [1990]; *see also Broer v*

*Smith*, 240 AD2d 528 [1997]; *Jordan v Britton*, 128 AD2d 315, 321 [1987]).

Here, plaintiff's motion asserts that he is entitled to partial summary judgment on the issue of liability because defendant's guilty plea estops defendant from challenging plaintiff's cause of action for assault. In support of his motion for partial summary judgment, plaintiff submitted evidence establishing defendant's plea of guilty, and, in opposition to the motion, defendant did not dispute that he had had a full and fair opportunity in the criminal proceeding to litigate the issue of his intentional conduct. Defense counsel's contention that he had yet to depose two critical witnesses on the issue of plaintiff's culpable conduct is not pertinent to the issue of defendant's liability for assault. Thus, Supreme Court should have granted plaintiff's motion for partial summary judgment on liability on the second cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Plaintiff's motion did not seek dismissal of the affirmative defense of plaintiff's culpable conduct, which is addressed to damages, not defendant's liability (*see* CPLR 1411, 1412). Thus, Supreme Court's exclusive reliance on *Searles v Dalton* (299 AD2d 788 [2002] [motion to strike affirmative defense did not reveal whether the defendant had litigated the plaintiff's alleged culpable conduct in the criminal proceeding]) was inapt.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion; motion granted; and, as so modified, affirmed.