OPINION OF THE COURT
Per Curiam.
Order entered November 22, 2004 reversed, with $10 costs, and plaintiffs motion denied.
Defendant was arrested in December 2002, following an incident on a subway platform. Charged with felonious assault on a police officer, she ultimately pleaded guilty to resisting arrest, a misdemeanor. In her plea allocution, she admitted to having interfered with the arrest of her brother, during which time she “struggled with the officer.”
Plaintiff, one of the arresting officers, subsequently brought the within action for assault and battery stemming from this incident. In granting plaintiffs motion for summary judgment, the court equated defendant’s “admitted struggle” while resisting arrest with an “unauthorized touching” sufficient to establish a civil assault and battery as a matter of law.
In order for a determination in one proceeding to have collateral estoppel effect in another, there must be a clear identity of issue between the two, i.e., no significant factual differences and an identical legal theory (Kaufman v Eli Lilly & Co., 65 NY2d 449, 457 [1985]). Caution is particularly advised where a conviction for a relatively minor criminal offense might preclude a defendant from disputing the merits in a subsequent, large-damage civil action arising from the same incident (see Gilberg v Barbieri, 53 NY2d 285 [1981]).
A person is guilty of resisting arrest when she intentionally prevents or attempts to prevent law enforcement personnel from carrying out an authorized arrest of herself or another (Penal Law § 205.30). Civil assault, on the other hand, is defined as intentionally placing another in fear of imminent harmful or offensive contact, and civil battery is actually and intentionally making that wrongful physical contact without consent (United Natl. Ins. Co. v Waterfront N.Y. Realty Corp., 994 F2d 105, 108 [2d Cir 1993]). This is not the case of a criminal assault conviction precluding a defense against similar allegations in a civil assault action (see e.g. Olsson v MacDonald, 16 AD3d 1017 [2005]), where the identity of issue is beyond question. An *64 ambiguous plea allocution admitting to a “struggle” in criminally resisting arrest is insufficient for collateral estoppel purposes in the context of a civil assault and battery action, without elevating that word to the status of a yet-undefined legal term of art. There was no identity of issue here (see Charkhy v Altman, 252 AD2d 413 [1998]).