■ JANE GLADSTEIN, Appellant, and iSTAR FM LOAN, LLC, Intervenor, v CHRISTOPHER H. MARTORELLA, Respondent. [896 NYS2d 329]—

Order, Supreme Court, New York County (Louis B. York, J.), entered January 8, 2009, which granted defendant's motion to

reargue, and, upon reargument, vacated its prior order granting plaintiff's motion for summary judgment in the principal amount of $2,000,000, and severing her claim for attorneys' fees, denied plaintiff's motion for summary judgment, vacated the judgment, same court and Justice, entered April 29, 2008, and referred the matter to a special referee to hear and determine the meaning of the contractual phrase "shall have been contracted for" contained in the parties' settlement agreement, unanimously reversed, on the law, with costs, plaintiff's motion for summary judgment granted, the judgment entered April 29 reinstated, the issue of attorneys' fees severed, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered May 20, 2009, which, inter alia, denied plaintiff's motion to reargue the January 8, 2009 order, unanimously dismissed, without costs, as academic in view of the foregoing.

The parties were partners in a real estate development company. In 2005, they decided to part ways. After extensive negotiations involving experienced counsel, they entered into a settlement agreement whereby defendant would purchase plaintiff's interest in the company. Pursuant to the agreement, half of the purchase price was payable at the closing and the balance was due in two equal installments. Pursuant to the agreement, the first installment was due on the earlier of the date when 75% of the units in a particular development were "contracted for" or the first anniversary of the agreement. The second installment was due on the later of the date when 75% of the units in two other projects were "contracted for" or the 18-month anniversary of the agreement.

Plaintiff commenced an action to obtain the first installment and was granted summary judgment. The decision of the court stated that the parties were requested to settle order after a hearing to determine the amount of attorneys' fees to which plaintiff was entitled pursuant to the agreement. Plaintiff entered a judgment before the hearing took place and commenced collection efforts. In this action, defendant asserted a counterclaim alleging that this conduct constituted abuse of process.

In the instant action, plaintiff is seeking the second and final installment payment under the agreement, alleging that the 18-month anniversary had passed and 75% of the units in the stated projects were either sold or leased. Defendant argues that the term "contracted for" was intended to refer only to sale contracts, not leases, and 75% of the units have not yet been sold.

When parties set down their agreement in a clear, complete document, their writing should, as a rule, be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing. Extrinsic and parol evidence are not admissible to create an ambiguity in a written agreement which is complete, clear and unambiguous on its face (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

The agreement herein is unambiguous on its face. Both sale and lease contracts may be utilized in meeting the 75% requirement. "The best evidence of what parties to a written agreement intend is what they say in their writing" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002] [internal quotation marks and citation omitted]). If the parties intended to exclude lease contracts from consideration, they made a mistake in the agreement. "An omission or mistake in a contract does not constitute an ambiguity" (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001] [internal quotation marks omitted]).

Accordingly, the court should have adhered to its original ruling granting summary judgment. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 33515(U).]**