47 E. 34th St. (NY), L.P. v Bridgestreet Corporate Hous., LLC (2020 NY Slip Op 01124)





47 E. 34th St. (NY), L.P. v Bridgestreet Corporate Hous., LLC


2020 NY Slip Op 01124


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11048 653320/15

[*1] 47 East 34th Street (NY), L.P., Plaintiff-Respondent,
v
Bridgestreet Corporate Housing, LLC, Defendant-Appellant.


Fox Rothschild LLP, New York (Mitchell Berns of counsel), for appellant.
Ressler & Ressler, New York (Ellen Werther of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 12, 2019, which, to the extent appealed from as limited by the briefs, denied defendant's motion for partial summary judgment and granted plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.
The unambiguous language of the lease between the parties required defendant to operate the building in compliance with the Real Property Tax Law § 421-a abatement program, and defendant admittedly failed to do so. Indeed, defendant concedes that it violated section 8.2 of the lease by failing to offer subleases for the apartments with at least six month terms, but instead argues that because it could have offered "cancelable" six-month leases, plaintiff has no damages because such use would have violated the 421-a program requirements in any event. As the motion court determined, however, 28 RCNY § 6-01(c) dictates the term of the lease, not the duration of occupancy. The motion court properly determined that the term was unambiguous and precluded extrinsic evidence based on the merger clause in the lease (see Gladstein v Martorella, 71 AD3d 427, 429 [1st Dept 2010]).
The motion court also properly determined that section 30.1 of the lease required defendant to indemnify plaintiff for "any and all losses" suffered as a result of defendant's default, and the damages arising from the Attorney General's investigation fell under that provision. Contrary to defendant's contention, section 30.1 did not contain a notice provision, and plaintiff was not required to permit defendant to participate in the Attorney General's investigation under section 30.2, particularly given that there was no question as to liability or the measure of the damages (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group, Inc., 309 AD2d 657 [1st Dept 2003]).
The motion court providently declined to consider the facts relating to the reduction of damages submitted by defendant for the first time on reply (Residential Bd. of Mgrs. of Platinum v 46th St. Dev., LLC, 154 AD3d 422, 423 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK